## Court of Appeals.

### February 10, 1903.

## THE PEOPLE v. WILLIAM J. GLEN.

### (173 N. Y. 395.)

1. INDICTMENT—DISMISSAL OF—CODE CRIM. PROC., SEC. 313, NOT EXCLUSIVE.

Section 313, Code Criminal Procedure, relating to the grounds upon which an indictment must be set aside on motion, so far as it is intended to regulate only matters of procedure which involve no constitutional rights, is valid and must be obeyed by the courts; but to the extent that it may destroy, curtail, affect or ignore the constitutional rights of a defendant it has no force and is void. A motion to dismiss an indictment against him may be entertained on other grounds, therefore, than those specified in the section.

2. APPEAL—CHARGE TO GRAND JURY NOT TO BE CONSIDERED UNLESS PROPERLY AUTHENTICATED.

Where the only authentication of a charge to the grand jury, on the record, is the affidavit of a newspaper reporter that he made and published a copy of a paper given him by the court stenographer purporting to be a transcript of the charge, an alleged error therein will not be considered by the Court of Appeals.

VOL. XVII—15

3. INDICTMENT—PRESUMPTION THAT IT . IS BASED UPON LEGAL AND SUFFICIENT EVIDENCE.

It *seems*, that a charge to the grand jury that " if what is charged in these affidavits shall be proven before your body, then it will be your duty to find a bill of indictment for this misdemeanor against the persons who are guilty of it," assuming it to be erroneous, does not bind the grand jury, and it cannot be presumed that it was influenced thereby, unless it deliberately ignored its duty under the statute to find an indictment only upon legal evidence, which unexplained or contradicted would warrant a conviction. Such charge, however, is strictly correct, since " proven before your body " means proven by legal evidence and by the amount or weight of evidence that would support an indictment in any case.

4. GRAND JURY—READING OF AFFIDAVITS TO.

The fact that affidavits were read to the grand jury by the judge alleged to have charged it, which tended to show the commission of the crime for which the defendant was subsequently indicted, is not sufficient to overcome the presumption that the indictment was based upon legal and sufficient evidence, nor is the fact that the record contains no indorsement of the names of witness upon the indictment as required by section 271 Code Criminal Procedure; the grand jury is presumed to have done its duty and to have found the indictmen wholly upon sufficient and legal evidence received within the grand jury room.

APPEAL from a judgment of the Appellate Division of the Supreme Court in the Fourth Judicial Department, entered August 21, 1901, affirming a judgment of the Wayne County Court rendered upon a verdict convicting the defendant of the crime of embracery. The facts, so far as material, are stated in the opinion.

George Raines and Willard A. Glen, for appellant.

Charles T. Ennis, for respondent.

WERNER, J.: On the 5th day of February, 1898, the defendant was indicted by a grand jury of Wayne county for the crime of embracery under section 75 of the Penal Code, which, so far as it is applicable to the case at bar, provides that " a person who influences or attempts to influence improperly a

juror, in a civil or criminal action or proceeding, or one drawn or summoned to attend as such a juror . . . in respect to his verdict, judgment . . . or decision, in any cause or matter pending, or about to be brought before him, in any case, . . . is guilty of a misdemeanor." The indictment charges, in substance, that on or about the 5th day of February, 1898, the defendant did attempt to improperly influence, in respect to his decision and judgment in a certain cause and matter pending and about to be brought before him, one Abram Weed, as a member of the grand jury theretofore summoned and about to be convened at the courthouse in and for the county of Wayne on the 7th day of February, 1898. The indictment then proceeds with a detailed statement of the particulars of the offense, and concludes with the charge that the defendant then and there well knew that said Abram Weed had been theretofore drawn and summoned as such grand juror, and that the cause and matter respecting which the alleged improper influence was exerted was then pending and about to be brought before the said Abram Weed and his associates as a grand jury.

After the indictment was found it was sent to the Wayne County Court for trial. The case was tried and submitted to the jury under a charge to which no exception was taken that is now presented for review. The alleged error of the trial court in its charge upon the subject of proof of defendant's good character was discussed by appellant's counsel in this court, but, as no exception to this portion of the charge was taken at the trial, it cannot be considered here.

On the 28th day of March, 1898, the defendant was convicted of the crime for which he was indicted. Thereupon he appealed to the Appellate Division, which sustained the judgment of conviction, by a divided court. Among other questions considered by that court was the one whether the evidence was sufficient to sustain the conviction. A majority of the court held that it was. As we have no jurisdiction to

pass upon the weight of evidence, the decision of the Appellate Division upon that branch of the case is final. We can-not say there is no evidence to sustain the judgment. There are other questions, however, which we are called upon to review. After the defendant had been arraigned in the County Court he demurred to the indictment. This demurrer was based upon grounds that are not material here. The demurrer was overruled, and thereupon the defendant moved to dismiss the indictment. The order denying the motion to dismiss the indictment recites that it was made under section 313 and 671 of the Code of Criminal Procedure, but the affidavits upon which the motion was based clearly show that the real ground of the motion was that the learned justice of the Supreme Court, presiding at the term for which the grand jury above referred to had been impaneled, had committed error in reading to them certain affidavits bearing upon the accusation brought against this defendant and in the instructions given to the grand jury upon that subject. This is not one of the grounds specified in section 313. Two questions are presented for our consideration upon this appeal. First. Can a motion by a defendant to dismiss an indictment against him be entertained on any other grounds than those specified in section 313, Code of Criminal Procedure? Second. If such a motion can be heard on other grounds was error committed by the learned justice of the Supreme Court in reading affidavits to the grand jury and in his instructions to them relating to the accusation against the defendant of the crime of which he was subsequently convicted?

Section 313 of the Code of Criminal Procedure provides that " The indictment must be set aside by the court in which the defendant is arraigned, and upon his motion, in either of the following cases, but in no other: 1. When it is not found, indorsed and presented as prescribed in sections 268 and 272. 2. When a person has been permitted to be present during the session of the grand jury while the charge embraced in the in-

dictment was under consideration, except as provided in sections 262, 263 and 264." Section 671 refers only to dismissals of indictments on motion of the court, or of the district attorney, and need not be discussed.

The words " but in no other " were added to the first paragraph of section 313 in 1897, and were evidently intended to remove all doubts which had been raised as to the meaning of said section by the conflicting decisions of the courts upon that subject. In many cases it had been held that this Code provision, as it stood prior to 1897, could not limit or interfere with the inherent power of the courts to dismiss indictments upon other substantial grounds than those enumerated in the section referred to. (People v. Molineux, 27 Misc. Rep. 79; People v. Vaughan, 19 id. 298; People v. Thomas, 32 id. 170; People v. Clarke, 8 N. Y. Crim. Rep. 169; People v. Brickner, id. 217; People v. Moore, 65 How. Pr. 177.) In other cases it had been held that this section of the Code was exclusive, and distinctly negatived the rights of courts to dismiss indictments upon any other grounds than those therein enumerated. (People v. Rutherford, 47 App. Div. 209; People v. Willis, 23 Misc. Rep. 568; People v. Winant, 24 id. 361; People v. O'Connor, 31 id. 668; People v. Montgomery, 36 id. 328; People v. Scannell, 37 id. 345.)

That the Legislature has the undoubted right to regulate mere matters of procedure in all actions and proceedings, both criminal and civil, is too well established to require either discussion or citation of authority. But it is equally clear that no legislative enactment can be permitted to deprive the citizen of any of his constitutional rights. From time immemorial our common law courts have exercised the power to set aside and quash indictments on motion, not only for defects in form, but for irregularities and errors that were proved by extrinsic evidence. Such matters are now regulated by the provisions of the Code of Criminal Procedure, and however inconvenient, or even oppressive, they may appear to be in specific cases, the

courts must apply them, as best they can, for they embody the commands of the law-making power in matters wherein its fiat. is supreme and final.

But our courts have also always asserted and exercised the power to set aside indictments whenever it has been made to appear that they have been found without evidence, or upon illegal and incompetent testimony. (U. S. v. Coolidge, 2 Gall. 364; People v. Restenblatt, 1 Abb. 268; People v. Briggs, 60 How. 17.) This power is based upon the inherent right and duty of the courts to protect the citizen in his constitutional prerogatives and to prevent oppression or persecution. It is a power which the Legislature can neither curtail nor abolish, and, to the extent that legislative enactments are designed to effect either of these ends, they are unconstitutional.

The broad application of these principles to the case at bar is simple. So far as said section 313 is intended to regulate only matters of procedure which involve no constitutional rights, it is valid and must be obeyed by the courts; but to the extent that it may destroy, curtail, affect or ignore the constitutional rights of a defendant, it has no force and is void. (People v. Petrea, 92 N. Y. 143.) The next inquiry in logical progression is whether said section 313, as applied to this case, does invade this defendant's constitutional rights. For the purposes of this discussion we shall assume, although we do not decide, that the defendant had the same right to have this charge of misdemeanor against him prosecuted by indictment that he would have had if charged with the commission of a felony.

The grand jury is an institution that we inherited with the common law. It is, for many legal purpose, rather difficult of classification. It is neither a regularly organized tribunal, nor yet an entirely informal body. While in a certain sense a part of the court in connection with which it conducts its deliberations, it is, for many purposes, free from any restraint by that court. A grand jury is clothed with power to deter-

mine both the facts and the law, and its methods of procedure, so far as they are not discretionary, are fixed by statute and not by rules of courts. The judge or justice presiding at a court held in connection with a grand jury, must charge them, but beyond the explicit direction to read or deliver to them sections 252 to 267, inclusive, of the Code of Criminal Procedure, the character and scope of the charge is largely a matter of discretion. No exception lies to such a charge, and there is no method by which the proceedings of a grand jury can be reviewed, except by motion to dismiss an indictment or in arrest of judgment. (People v. Dimick, 107 N. Y. 15.) The learned justice presiding at the term of court during which the defendant was indicted as above set forth, having heard rumors of attempts to improperly influence grand jurors in a certain case which was to be brought before them, summoned the grand jury into court and delivered a charge of which there is a purported transcript or copy in the record. The portion selected by the defendant for criticism is that in which the justice said: "If what is charged in these affidavits shall be proven before your body, then it will be your duty to find a bill of indictment for this misdemeanor against the persons who are guilty of it." It is urged on behalf of the defendant that in the use of this language the court committed error which affected the substantial rights of the defendant and entitled him to a dismissal of the indictment thereafter found against him. There are several answers to this suggestion. 1. Assuming that the charge in this particular was erroneous, the grand jury were not bound by it, and we cannot assume that they were influenced thereby, unless we take it for granted that they deliberately ignored the statutory command to receive none but legal evidence (sec. 256, Code Crim. Proc.), and to find an indictment only where the evidence before them "is such as in their judgment would, if unexplained or uncontradicted, warrant a conviction by the trial jury." (Sec. 258, Code Crim. Proc.) 2. The statement

of the learned justice was strictly correct.     Note his language: " If what is charged in these affidavits is proven before your body, then it will be your duty to find a bill of indictment," etc.     It must be presumed that when the grand jury was impaneled, the justice either read to them the sections of the Code of Criminal Procedure above referred to, or gave them copies thereof.     These sections contain specific directions as to the kind and degree of evidence required before an indictment can properly be found in any case.     In his charge the justice made no reference to the kind or degree of proof required to warrant the finding of an indictment under section 75 of the Penal Code and it is, therefore, fair to presume that the grand jury understood the phrase " proven before your body " to mean proven by legal evidence, and by the amount or weight of evidence that would support an indictment in any case.     3. It is to be observed that, in a record which is obviously defective in many respects, the only authentication of the charge to the grand jury, which is here the subject of discussion, is the affidavit of a newspaper reporter that he made and published a copy of a paper given him by the court stenographer, purporting to be a transcript of the charge.     The record on appeal is certified to by the county judge before whom the case was tried.     The charge in question was delivered by a justice of the Supreme Court, who has certified to nothing. In its last analysis, therefore, the question is, whether the presumptive regularity of an indictment shall be overthrown by a newspaper report of a charge to a grand jury.     The statement of the proposition carries its own answer.

But it is urged that certain affidavits were read by the justice to the grand jury, and that this was an invasion of defendant's rights, because it was in violation of section 256 of the Code of Criminal Procedure, which provides that " The grand jury can receive none but legal evidence."     Here, again, there is an obvious weakness in defendant's contention.     An indictment is a record of the court which imports absolute verity

until properly impeached. (People v. Hulbut, 4 Denio, 133, 136.) The presumption is that an indictment is based upon legal and sufficient evidence until there is satisfactory proof to the contrary. In the case at bar there is no proof of that kind, unless it is to be found in the reading of the affidavits above referred to. Did the grand jury thus receive illegal evidence? We think not. An affidavit read outside of the grand jury room is not evidence received by a grand jury. It is certainly not evidence when a grand jury is plainly instructed that the allegations of an affidavit must be proven before that body in order to warrant the finding of an indictment. To hold otherwise would be to discourage what may be a very useful and conservative practice in such cases as the one at bar. The learned presiding justice was informed that attempts had been made to improperly influence grand jurors. It was his obvious duty to take some steps in the matter. Did he exceed the limits of his duty and power because he thought it wiser to have sworn statements upon which to base his inquiry than to rely upon unverified rumors? Were the grand jury influenced to any greater extent by the reading of affidavits made by some of its members than they would have been by the oral statements of the justice? Can the reading of affidavits in a court room be sufficient to overthrow the presumption that an indictment was founded wholly upon sufficient and legal evidence received within a grand jury room?

All of these questions, it seems to me, must be answered in the negative, unless we are ready to say that, when an indictment is assailed without proof, it must be upheld by affirmative evidence. In Hope v. People (83 N. Y. 423) the question arose whether it was error to submit to the grand jury certain affidavits presented before the committing magistrate, and this court there held that it could not be presumed that the grand jury made any improper use of them or did not proceed according to law. But it is said that the record contains no indorsement of the names of witnesses upon the indict-

ment, as required by section 271 of the Code of Criminal Procedure, and that this lends weight to the otherwise unproven assertion that the indictment herein was based entirely upon the affidavits read in the court room. Upon this feature of the case it is enough to say that the indorsement is not essential to the validity of the indictment, and the failure to make the indorsement cannot raise a presumption that no witnesses were sworn or examined, since the same section of the Code expressly provides for the making of such indorsement, upon the application of a defendant, whenever it has been omitted.

We think it was not error to deny the motion to dismiss the indictment, and as we cannot, in this court, consider the sufficiency of the evidence, the judgment of the Appellate Division must be affirmed.

PARKER, Ch. J., GRAY, HAIGHT and MARTIN, JJ., concur; BARTLETT and VANN, JJ., not voting.

Judgment affirmed.