# County Court, Seneca County.

July, 1904.

## THE PEOPLE v. CHARLES M. BILLS, LUCIUS M. CUMBER AND MICHAEL E. HANLIN.

(44 Misc. 348.)

INDICTMENT—SET ASIDE WHERE FOUND ON ILLEGAL AND INSUFFICI-ENT EVIDENCE—CODE CRIM. PRO. SECS. 313, 256.

The provisions of Code Crim. Pro. Section 313 providing that an indictment must be set aside for certain defects are not exclusive, and as the grand jury can receive none but legal evidence under section 256, an indictment may be set aside where it has been found without evidence, or upon illegal and incompetent testimony.

MOTION to set aside indictments.

William. H. Hurley, district attorney (Hawley & Carmer, of counsel), for People.

Hammond & Hammond, for defendants.


RICHARDSON, J.

This is a motion to set aside indictments against Charles M. Bills, Lucius M. Cumber and Michael Hanlin, found against them by the grand jury of the county of Seneca, on the 11th day of March, 1904; the indictments are under section 31 of chapter 112 of the Laws of 1896 and amendments thereto, being an act in relation to the traffic in liquors and the regulation of the same, etc.

The grounds of such motion are first, that the so-called indictments are not indictments in fact or in law because they are not based upon any legal evidence whatever.

Second. The said papers purporting to be indictments are not indictments in fact or in law, because they are based upon evidence that is insufficient, illegal and inadmissible for any purpose.

Third. That the said indictments are founded upon and are obtained in violation of section 256 of the Code of Civil Procedure, which provides that "The grand jury can receive none but legal evidence."

Fourth. At least three-fourths of the evidence taken in each case in the above-entitled matter was illegal and inadmissible evidence.

Fifth. Three-fourths of the evidence given in each of the above-entitled actions would tend to show facts pertinent to the commission of a crime by some one else similarly situated with the defendant.

Sixth. More than one-half of the evidence introduced before the grand jury in investigating the question as to whether the defendant had committed a crime tended to show, that some other person than the defendant had committed a crime similar to that attempted to be charged

against the defendant and as occurring on the same day as the one charged against the defendant.

Seventh. At least three-fourths of the evidence taken before the grand jury in each of the above cases would be sufficient ground for reversing the conviction of the defendant if the same were introduced in evidence on the trial of the defendant under the alleged indictment.

Eighth. Facts were proved by witnesses orally which could be established legally by documentary evidence only.

Ninth. The evidence taken before the grand jury discloses the fact that fundamental and essential rules of evidence were violated in the most flagrant manner on the investigation of the crime charged against the defendants.

Tenth. All the evidence in each case does not establish the commission of a crime by either of the defndants.

Section 256 of the Code of Criminal Procedure reads: "The grand jury can receive none but legal evidence·"
I have read the minutes of the grand jury and they show that three persons on the 14th day of February, 1904, visited four places in the village of Seneca Falls in this county, for the purpose of securing, if possible, evidence against the proprietors of said places of the violation of the Excise Law, and such witnesses were examined in regard to all of said alleged violations at one and the same time, and the grand jury commenced their investigation by examining said witnesses as to sales made by one Salcman. In that case the minutes show that said Salcman did violate said Liquor Tax Law by selling on Sunday, to-wit, February 14, 1904; they were next examined as to pretended sales by said Cumber, Hanlin and Bills; as I have said, section 256 states that the grand jury can receive none but legal evidence; therefore, a person charged with a commission of a crime is assured that illegal evidence cannot be used in the presentment of his case to the grand jury, and if there is any so presented, he is entitled to judicial condemnation of such.

Counsel for the People oppose the motion, holding that the court has no power under section 313 of the Code of Criminal Procedure to set aside an indictment except for the reasons therein stated and cite in support of their contention People v. Rutherford, 47 App. Div. 209; that is a decision by Justice Kellogg in the Third Department, but we think that the decision of the Appellate Division of this Department, written by Justice Spring, and found in People v. Glen, 64 App. Div., at page 167, and affirmed by the Court of Appeals in 173 N. Y. 395, contains the law as it should be construed by us to-day. The Code of Criminal Procedure, section 312, provides that in answering an indictment, the defendant may either move the court to set the same aside, or may demur or plead thereto. Section 313 provides that an indictment must be set aside for either of the following two reasons, but in no other, viz.: When it is not found, indorsed and presented, as prescribed in sections 268 and 272; and, second, when a person has been permitted to be present during the session of the grand jury, while the charge embraced in the indictment was under consideration, except as provided in sections 262, 263 and 264; section 323 designates the grounds upon which the defendant may demur to an indictment, which are five in number, neither one of which, and neither of the causes for setting the indictment aside as stated in section 313, embrace the ground on which the defendants move to set indictment aside; and according to the doctrine advocated by the counsel they are deprived of all redress save appearing and being tried on an indictment that was found, as they contend, upon insufficient as well as illegal evidence. If a jury, through spite and without evidence, find an indictment the defendant must go to jail and linger until he can be tried, if we follow the law as interpreted by the counsel. Justice Werner, writing the opinion in People v. Glen, 173 N. Y. 395, used these words in referring to said section 313.

"But our courts have also always asserted and exercised the power to set aside indictments whenever it has been made to appear that they have been found without evidence, or upon illegal and incompetent testimony. This power is based upon the inherent right and duty of the courts to protect the citizen in his constitutional prerogatives and to prevent oppression or persecution. It is a power which the legislature can neither curtail nor abolish, and, to the extent that legislative enactments are designed to effect either of these ends, they are unconstitutional. * * * So far as said section 313 is intended to regulate only matters of procedure which involve no constitutional rights, it is valid and must be obeyed by the courts; but to the extent that it may destroy, curtail, affect or ignore the constitutional rights of a defendant, it has no force and is void."

From reading the evidence I am convinced the jury were influenced in the finding of the indictments against Bills and Cumber from evidence produced before them at the same time against said Salcman and Hanlin, as there was not sufficient legal evidence presented before said jury to warrant them in finding the indictments against said defendants Charles M. Bills and Lucius M. Cumber. Therefore, as to them, said motion is granted and the indictments against them are dismissed and set aside, but as to said Hanlin, the motion is denied.

Ordered accordingly.