## COURT OF APPEALS,

November, 1914.

# THE PEOPLE v. DENNIS SWEENEY.

(213 N. Y. 37.)

(1.) PRACTICE—MOTION FOR COPY OF MINUTES OF GRAND JURY NOT RE-
VIEWABLE BY COURT OF APPEALS.

The decision of the court below, upon a motion by a defendant
for a copy of the minutes of the grand jury upon which they have
found an indictment against him, rests to such an extent in discre-
tion that it cannot be reviewed by this court.

(2.) GRAND JURY—INDICTMENT—WHEN CAN BE SET ASIDE.

The grand jury is an independent body and the indictment is
a record of its conclusions. It can be set aside at any time when it
appears that the evidence *before the grand jury* was insufficient
on which to sustain it, but otherwise when presented in due form
it imports absolute verity.

(3.) SAME—REFUSAL TO DISMISS INDICTMENT BECAUSE BASED ON
TESTIMONY OF ACCOMPLICES.

Where the only testimony before a grand jury is that of wit-
nesses who were shown to be accomplices, it is not sufficient on
which to base an indictment. But a motion to dismiss an indict-
ment on that ground will be denied where it does not appear that
the witnesses before the grand jury which found the indictment
were there shown to be accomplices of the defendant and no other
evidence was given in corroboration of such witnesses.

(4.) INDICTMENT FOR CONSPIRACY TO OBSTRUCT JUSTICE—PENAL LAW
SEC. 580.

Defendants were indicted under section 580 of the Penal Law
for a misdemeanor, in that they conspired to commit an act for the
perversion or obstruction of justice or of the due administration of
the laws. On examination of the evidence, *held*, that under the
rule that to constitute an accomplice one must be so connected with

a crime that at common law he might himself have been convicted either as a principal or as an accessory before the fact, the question whether certain witnesses were accomplices was properly submitted to the jury.

(5.) CONFESSION BY DEFENDANT.

A confession by a defendant was properly received where it appeared that it was not made under the influenc of fear, produced by threats, or upon a stipulation with the district attorney that he should not be prosecuted therefor.

(6.) TRIAL—INSTRUCTION TO JURY.

It was not error to refuse a request to charge "that the testimony of a witness to a statement in the nature of an alleged confession made by a defendant, if considered by them, must be considered in the light of the rule that confessions are the weakest and most suspicious of all testimony."

(Argued June 17, 1914; decided November 10, 1914.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 6, 1914, which affirmed as to the appellants herein a judgment rendered at a Trial Term for the county of New York upon a verdict convicting the defendants of the crime of conspiracy to pervert and obstruct justice and the due administration of the law; and also affirmed orders dated May 27, 1913, denying motions of the defendants severally to inspect the minutes of the grand jury upon which the indictment was found; denying motions of the defendants severally to dismiss and set aside the indictment; granting a motion by the district attorney for the drawing of a special jury to try the issues formed by the plea of the several defendants to said indictment, and denying the defendants' motion for a new trial and in arrest of judgment.

The facts, so far as material, are stated in the opinion.

*Edgar T. Brackett* and *Alfred J. Tally* for Dennis Sweeney, appellant.

The motion of the appellant Sweeney to quash the indictment, because found only on the testimony of accomplices who were uncorroborated, should have been granted, and its denial was error. (Code Crim. Pro. §§ 258, 399; People v. Stern, 33 Misc. Rep. 455; People v. Acretelli, 57 Misc. Rep. 574; People v. Evans, 81 Misc. Rep. 606; People v. Gresser, 124 App. Div. 581; Warren v. Robinson, 19 Utah, 289; McClure v. Wilson, 70 App. Div. 149.) The witness Mrs. Walsh was an accomplice to the crime charged in the indictment, if one was proven, and it was error for the court to decline to so charge. (Cross v. People, 47 Ill. 152.)

*A. S. Gilbert* for John J. Murtha, appellant.

The indictment as against the defendant Murtha was a nullity because no evidence was submitted to the grand jury connecting this defendant with the crime charged, and the only evidence submitted to the grand jury was the uncorroborated testimony of accomplices. (People v. Sexton, 187 N. Y. 495; People v. Glen, 173 N. Y. 395; Underhill on Crim. Ev. § 29; Matter of Bergh, 16 App. Div. 266; Rice on Evidence, § 225.) The trial court erred in refusing to charge that "If the jury find that the alleged statements of the defendant Murtha, as testified to by Thomas, were made on a promise or stipulation of the district attorney, express or implied, from the words or conduct of the district attorney, or from the circumstances under which the conversation took place, that the defendant Murtha should not be prosecuted therefor, then the jury must reject the testimony of the witness Thomas." (People v. Kurtz, 42 Hun, 335; People v. Walker, 198 N. Y. 329.) The jury were not properly instructed as to the weight to be given to the alleged confession evidence. (People v. Kurtz, 42 Hun, 335; Rex v. Baldry, 2 Den. C. C. 431; Commonwealth v. Piper, 120 Mass. 185; People v. MacKinder, 80 Hun, 40;

Holsenbake v. Georgia, 45 Ga. 55; People v. Rogers, 192 N. Y. 345; People v. White, 176 N. Y. 349; People v. Kennedy, 159 N. Y. 361.)

*John B. Stanchfield, William M. Parke* and *Arnold L. Davis* for James F. Thompson, respondent.

The indictment as against the defendant Thompson was a nullity because the only evidence submitted to the grand jury was the uncorroborated testimony of accomplices. (People v. Sexton, 187 N. Y. 495.) The court erred in refusing to charge as a matter of law that the witness Nelson was a co-conspirator and accomplice. (Leonard v. Poole, 114 N. Y. 371; People v. Coffey, 161 Cal. 433; People v. Hyde, 156 App. Div. 618; State v. Carr, 28 Oreg. 389; People v. Everest, 51 Hun, 19; People v. Bissert, 71 App. Div. 118; 172 N. Y. 643; People v. Evans, 40 N. Y. 1; People v. Gilhooley, 108 App. Div. 234; 187 N. Y. 551.)

*Charles S. Whitman, District Attorney (Robert C. Taylor* of counsel), for respondent.

The refusal of the court to compel the public prosecutor to furnish to the prisoner's counsel the evidence before the grand jury was a matter resting in the discretion of the court and is not the subject of review. (Eighmy v. People, 79 N. Y. 546.) The several motions to quash the indictment were properly denied. (People v. Morrison, 194 N. Y. 175; People v. Martin, 87 App. Div. 487; People v. Glen, 175 N. Y. 395; People v. Wiechers, 179 N. Y. 459.) The trial court properly instructed the jury that it was for them to determine whether Nelson was an accomplice or not. (People v. Flack, 125 N. Y. 324; People v. Zucker, 20 App. Div. 363; 154 N. Y. 770; People v. Ellenbogen, 114 App. Div. 182, 187; 186 N. Y. 603; Peo-

ple v. Gilhooley, 108 App. Div. 234; 187 N. Y. 551; People v. Elliott, 155 App. Div. 486; People v. Duffy, 160 App. Div. 385.) The court properly refused to charge that Mrs. Walsh was an accomplice. (People v. Bright, 203 N. Y. 73.) The requests to charge relative to whether Murtha had confessed on a promise that he should not be prosecuted were properly refused. (People v. Pallister, 138 N. Y. 601; People v. Mallon, 116 App. Div. 425; 189 N. Y. 520; People v. Browne, 118 App. Div. 793; 189 N. Y. 528; People v. Scott, 195 N. Y. 224; People v. Bennett, 37 N. Y. 117; Hopt v. Utah, 110 U. S. 574; Regina v. Baldry, 2 Den. Cr. Cas. 430; People v. Rodawald, 177 N. Y. 408; People v. Johnson, 185 N. Y. 219.)

CHASE, J.:

The defendants were indicted for a misdemeanor in that they conspired to commit an act for the perversion or obstruction of justice or of the due administration of the laws. The statute on which the indictment is based is section 580 of the Penal Law. It provides so far as material to the questions now considered as follows: " If two or more persons conspire:

" 1. *     *     *

" 2. *     *     *

" 3. *     *     *

" 4. *     *     *

" 5. *     *     *

" 6. To commit any act injurious to the public health, to public morals, or to trade or commerce, or for the perversion or obstruction of justice, *or* of the due administration of the laws,

" Each of them is guilty of a misdemeanor."

There were four persons indicted, and it was necessary in order to sustain the indictment against either of them that the conspiracy charged in the indictment should be shown to have

been entered into by two or more persons. Such a conspiracy can be shown by a direct oral or written agreement entered into by and between them, or it can be inferred from conduct which discloses a concert of action and a common design and intent to accomplish the unlawful purpose.

It appears from the indorsement on the indictment that four persons were sworn as witnesses before the grand jury, namely: Eugene F. Fox, Thomas W. Walsh, George A. Sipp and Edward J. Newell. They were each in fact accomplices and the court so charged the jury in submitting the case to them at the trial herein.

The Code of Criminal Procedure expressly provides that " A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime." (Code Crim. Pro. section 399.) It also provides that " The grand jury can receive none but legal evidence." (Section 256.) And that an indictment should not be found by a grand jury unless " All the evidence before them, taken together, is such as in their judgment would, if unexplained or uncontradicted, warrant a conviction by the trial jury." (Section 258.)

It is manifest, therefore, that if the only testimony before the grand jury is the testimony of accomplices, it cannot be said to be sufficient, if unexplained or uncontradicted, to warrant a conviction by the trial jury. The appellants severally asked the court to have a copy of the minutes of the proceedings of the grand jury which found said indictment, delivered to them. It was the avowed purpose of the appellants to use such copy of the minutes to show that there was no evidence before the grand jury on which the indictment was found other than the testimony of accomplices in the alleged crime. The court refused to give to the appellants a copy of the minutes and they seek to review the order made by the court denying the motion

for a copy of the minutes, but the decision of the court upon such motion rested to such an extent in discretion that it cannot be reviewed by this court. (Eighmy v. People, 79 N. Y. 546, 560.) After a denial of the motion for a copy of the minutes a motion was made by the appellants severally to dismiss the indictment on the ground that it was wholly founded upon evidence of accomplices. The motion was based upon the indictment and upon affidavits. The affidavits state that the witness Fox was a patrolman of the municipal police force of the city of New York, and had been indicted by the grand jury for receiving bribes for protecting said Sipp in maintaining a disorderly house, and that he had pleaded guilty to said offense and was awaiting sentence thereon; that the witness Walsh was a captain of police in said municipal police force and had plead guilty to an indictment charging him with receiving bribes from said Sipp to protect him in maintaining said disorderly house and that he was awaiting sentence thereon; that the witness Newell had plead guilty to an indictment for persuading the witness Sipp to leave the jurisdiction of the court and not to testify against the witness Fox, and that he had plead guilty to said indictment and was awaiting sentence thereon. The affidavits also state that it appears on the face of the indictment that each of the four witnesses sworn before the grand jury were accomplices in the commission of the offense charged in the indictment against the defendants. It does not appear from the affidavits upon which said motions were based, apart from what they state appears on the face of the indictment, that the evidence before the grand jury which found the indictment against the defendants shows that all of the witnesses before the grand jury were accomplices of the defendants. The statements made in the affidavits upon which the motions were based may have all been true, and yet the testimony before the grand jury may not have disclosed that the witnesses sworn before them and all of them were parties to the crime charged against

the defendants or accomplices of the defendants in the commission thereof.

The grand jury was " Entitled to free access, at all reasonable times, to the public prisons, and to the examination, without charge, of all public records in the county " (Code Criminal Pro. section 261), and they could have received in evidence written admissions and writings of any kind bearing upon the subject under consideration if such writings were fully authenticated without oral proof from witnesses or if proven by one of the four witnesses named who had not been shown before them to be an accomplice.   It is also the duty of a member of a grand jury who knows that a crime has been committed to declare the same to his fellow jurors.   (Code Criminal Pro. section 259.)

It may be assumed from the indictment that the witness Sipp was necessarily an accomplice in the consummation of the conspiracy charged therein. It may even be assumed therefrom that the witness Newell as the attorney for Sipp was an accomplice in the conspiracy charged therein by reason of the fact of his acting for Sipp as attorney and agent in accepting the promise and guaranty of Hussey that the money *which had been so as aforesaid promised* to the witness Sipp would be paid on condition that he, Sipp, would so leave and remain without the state of New York.

So far as appears by the indictment itself the witness Walsh and the witness Fox performed the acts stated in the indictment only in connection with the defendant Sweeney individually and without knowledge of any conspiracy as between the defendants or either of them and not as an accomplice with the defendants in the conspiracy which is charged as a crime by the indictment.

All of the statements alleged in the indictment may be true, but the facts so charged, if true, would not warrant a conviction of the witness Walsh or the witness Fox for conspiracy with the defendants.

The presumption is that an indictment is based upon legal and sufficient evidence until there is satisfactory proof to the contrary. (People v. Glen, 173 N. Y. 395, 400, 17 N. Y. Crim. 225.) This court stated in the Glen case that " Our courts have also always asserted and exercised the power to set aside indictments whenever it has been made to appear that they have been found without evidence, or upon illegal and incompetent testimony." This statement was made in considering the effect of section 313 of the Code of Criminal Procedure which provides when an indictment must be set aside by the court in which the defendant is arraigned and upon his motion. It must be considered also in connection with sections 314, 315 and 316 of said Code relating to procedure and in view of the power of the legislature as stated in that case to regulate mere matters of procedure in all actions and proceedings both civil and criminal.

The court did not say and it does not mean to hold that an indictment should be set aside when it is found at the trial or on motion that the witnesses sworn before the grand jury were in fact accomplices without showing that it so appeared to the grand jury, and it also appeared that there was no corroborative testimony before such jury.

The grand jury is an independent body and the indictment is a record of its conclusions. It can be set aside at any time when it appears that the evidence *before the grand jury* was insufficient on which to sustain it, but otherwise when presented in due form it imports absolute verity. On the trial neither the court nor the jury can have anything to do with the proceedings in the grand jury room. Their only office is to inquire whether the defendants are guilty of the offenses laid to their charge. (People v. Hulbut, 4 Denio, 133.)

A grand jury, although for some purposes a part of the court in connection with which it is found, is in some aspects a separate and independent tribunal free from the restraint of

the court.  (People v. Sexton, 187 N. Y. 495, 21 N. Y. Crim.
9.)

The grand jury necessarily decided in this case that the
evidence before it taken together was such as in its judgment
would if unexplained and uncontradicted warrant a conviction
by the trial jury.  If the evidence taken before the grand jury
was sufficient if unexplained and uncontradicted to warrant the
conviction of the defendant by the trial jury the indictment
was properly found.  Nothing in the moving affidavits or at the
trial shows what testimony was received by the grand jury
other than as shown in the indictment.  It rests in assumption.
(People v. Martin, 87 App. Div. 487.)

It has nowhere appeared that the evidence before the grand
jury showed that the witnesses who gave evidence before them
and all of them were accomplices or that the indictment was not
founded upon evidence that unexplained and uncontradicted
would justify the conviction of the defendants by the trial jury.
We are, therefore, of the opinion that no error was committed
by the court in its refusal to dismiss the indictment.  It is not
necessary on this appeal to determine whether a motion to dis-
miss the indictment should in any event be entertained by the
court after a trial on the merits has been begun and particu-
larly after the proof received upon the trial would justify
a conviction of the defendants for the crime charged in the in-
dictment.

The appellants were convicted by the trial jury and the
judgment of conviction has been unanimously affirmed by the
Appellate Division; there remains, therefore, for our consider-
ation only questions of law raised upon the trial.

The unanimous affirmance requires us to assume that the
proof sufficed to establish corroboration of accomplices and
every element of a crime.  (People v. Bright, 203 N. Y. 73, 75,
26 N. Y. Crim. 377.)

The court submitted to the jury as questions of fact whether

the witnesses Nellie A. Walsh and Olaf Nelson were accomplices of the defendants in the commission of the crime. We think the submission was not error. The jury found that they were not accomplices.

To constitute an accomplice one must be so connected with a crime that at common law he might himself have been convicted either as a principal or as an accessory before the fact. (People v. Zucker, 20 App. Div. 363, 365, 14 N. Y. Crim. 464; affd. on opinion below, 154 N. Y. 770; People v. Bright, 203 N. Y. 73, 79, 26 N. Y. Crim. 377.)

It does not appear, at least as a question of law, that Mrs. Walsh had guilty knowledge of the alleged conspiracy. She had some knowledge of the relations between her husband and Fox. She knew that Fox, as a member of the police force, had collected graft for her husband as a captain in said force, but she testified that her procurement of $150 and the delivery thereof to one Hartigan, to which she also testified, were at her husband's direction and from his money, and she repeatedly testified that she had no knowledge of what was ultimately to be done with the money. It does not clearly appear that she had knowledge that it was to be used for an unlawful purpose. The evidence was far from being sufficient to connect her as a principal in the crime charged in the indictment.

In the case of Nelson it does appear that he conveyed a message from Thompson to Fox in substance that if he, Fox, would stand trial upon the indictment against him for bribery and not " squeal," certain financial provision would be made for him. This did not relate to the conspiracy to keep the witness Sipp without the jurisdiction of the courts of this state. Nelson was a nephew of Mrs. Fox, and was sent by Fox to Thompson at Thompson's request to take a message from him to Fox. Nelson met Thompson pursuant to arrangement, and Thompson talked with him in substance that Fox had nothing to gain by " squealing " and that if he stood trial there would be no

chance in the world for him, Fox, going away and that the expense of the trial would be paid, and that if anything did go wrong they would pay Mrs. Fox $125 a month while he was away. Thompson also said to him that he would like to arrange a meeting with the lawyers for Fox. Nelson, pursuant to directions, went from Thompson to Fox, and Fox testified that Nelson told him that " he had met that party whom I had sent him to meet and that they told him to tell me that they would give me $125 a month while I was in trouble, or while I went to prison, that since he took hold of the matter I was bailed out as this sick man (Walsh) was trying to run things from his bed and made a bungle of it, so he says, you tell him to call up his lawyer, and I will call him up, and I would like to make an appointment with him."

While it does appear that by these conversations Nelson was informed that an effort was being made on the part of Thompson to induce Fox to stand trial upon the indictment against him and not to be a witness upon the trial, it does not appear as matter of law that Nelson intended to commit the crime of conspiracy or had any guilty knowledge of or intent to commit the crime charged in the indictment. He was a messenger with such knowledge only as was necessary to intelligently convey the message. It is not a question whether Nelson was guilty of a moral delinquency in doing what he did or in failing to report his information to the public authorities, but whether he is guilty of conspiracy as charged in the indictment. It was not error, therefore, to refuse to charge as matter of law that Nelson was an accomplice. (People v. Flack, 125 N. Y. 324, 333, 8 N. Y. Crim. 87; People v. Katz, 209 N. Y. 311, 332; People v. Duffy, 160 App. Div. 385, 394; 212 N. Y. 57.)

The court charged the jury that without a certain alleged confession of the defendant Murtha, testified to by the witness Thomas, the evidence " would not be sufficient to justify the conviction of the defendant Murtha."

Counsel for Murtha urges that the court erred in refusing to charge the jury at his request that if they found that the alleged statements of the defendant Murtha as testified to by Thomas were made on a promise or stipulation of the district attorney express or implied from the words or conduct of the district attorney, or from the circumstances under which the conversation took place, that the defendant Murtha should not be prosecuted therefor, they must reject the testimony of the witness Thomas. The court declined to charge as requested on the ground that there is no evidence in the case that would justify such a charge.

The confession referred to was of vital importance. According to the record a detective by the name of Thomas, who was well known to the defendant Murtha, met him on the street and Murtha expressed a desire to have an interview with the district attorney and said in connection therewith that he " wanted immunity." Thomas went with Murtha to the home of the district attorney, and there in the presence of the district attorney a conversation was had between the three persons which was related in court by Thomas. Murtha asked to be allowed to swear the district attorney as a witness for the purpose of showing that whatever was said by him was under a promise and agreement with the district attorney that the same should not be used against him. The court allowed Murtha to call the district attorney as a witness. The district attorney testified that there were two conversations—one at which the witness Thomas was present and another after the witness Thomas left the room. He stated that after the witness Thomas left the room Murtha asked if he might say something in confidence, to which the district attorney assented, and the statement was made. This statement was not repeated in court. It affirmatively appears that the statement made by Murtha in the presence of the district attorney and Thomas was voluntary. It was not made under the

influence of fear, produced by threats, or upon a stipulation with the district attorney that he should not be prosecuted therefor. Its reception was, therefore, not error.

It was not error to refuse the request of Murtha's counsel to charge the jury " that the testimony of the witness Thomas of a statement in the nature of an alleged confession made by the defendant Murtha, if considered by them, must be considered in the light of the rule that confessions are the weakest and most suspicious of all testimony." (People v. Bennett, 37 N. Y. 117, 133.) It was not error to refuse to permit the defendant Murtha to prove by a third person that he, Murtha, had expressed a wish to be relieved of the command of the sixth inspection district. It was hearsay, and in any event too uncercertain a statement of fact in its relation to the motive of Murtha in connection with the charge of conspiracy to be admissible in evidence.

Counsel for the appellant Thompson asked the court to charge " That if they find as a matter of fact that Thompson was at Liberty from December 27, to and including December 31, and was not interested in the plan to get Sipp out of the state or keep him out of the state and returned here and was interested in the transaction with Fox which Fox testified to without knowing what had gone before, he cannot be convicted of conspiracy." The request was denied and an exception was taken to the denial.

The indictment charges Thompson, among other things, with conspiring, combining and agreeing with Sweeney, Murtha and Hussey to pay Fox a large sum of money if he would refuse to plead guilty to the indictment against him for bribery, and refuse to state the facts relative to the payment of graft money to him (Fox). It is not necesary to discuss the question whether Thompson, having entered into the conspiracy, is liable for what occurred between the other conspirators prior to December 27, if he did not have personal knowledge of what had

occurred before that time, for if it appeared at the trial that he did conspire with Sweeney and Murtha for the purpose of preventing Fox from giving testimony he could be convicted of conspiracy under the indictment, and the refusal of the court to charge as requested was not error. The refusal to charge as requested could not have been misunderstood by the jury in view of the full statement of the court in its main charge on the subject under consideration.

Other alleged errors have been urged by counsel for one or more of the appellants, but some of such alleged errors are not not presented by proper exceptions. We have, however, examined each ruling of the court to which attention has been called, and without extending this opinion to consider such rulings separately and in detail, or assert whether we consider such rulings or either of them erroneous, we are of the opinion and decide that none of them are of sufficient importance in any event to justify a reversal of the judgment.

The judgment of conviction should be affirmed.

WILLARD BARTLETT, Ch. J., WERNER, COLLIN, CUDDEBACK and CARDOZO, JJ., concur; HOGAN, J., not voting.

Judgment of conviction affirmed.