THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THOMAS J. MANGAN and Others, Defendants.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THOMAS J. MANGAN and Others, Defendants.*

Supreme Court, Broome County, April 10, 1931.

* See, also, 139 Misc. 814.

*Frank L. Wooster, District Attorney,* and *Samuel H. Pearis, Second Assistant District Attorney,* for the plaintiff.

*Clayton R. Lusk,* for the defendants.

*Frank J. Mangan* of counsel, for Thomas J. Mangan.

HEATH, J. The defendants have made motions to inspect grand jury minutes preparatory to motions to dismiss indictments. It would seem that one of the grounds upon which a motion to dismiss an indictment may be based is a claim upon the part of the defendants that there was no evidence before the grand jury to sustain the indictment. (*People* v. *Glen,* 173 N. Y. 395; *People* v. *Sexton,* 187 id. 495; *People* v. *Sweeney,* 213 id. 37.)

These are felony indictments under section 304 of the Penal Law and charge that the defendants, as the examining committee of the board of directors of the State Bank of Binghamton, made false statements to the State Banking Department with intent to deceive as to the bank's financial condition. It is specifically charged that these defendants made a statement to the State Banking Department that the bank's assets included bills discounted to the value of $715,425.68 when, as a matter of fact, $501,285 thereof was represented by forged paper.

It is asserted by the affidavits in support of this motion that the defendants did not know that there were forged notes in the bank; that no evidence was presented to the grand jury to prove such knowledge on their part, and that guilty knowledge is essential to constitute a felony under section 304 of the Penal Law.

In deciding this motion the court takes judicial notice of certain

misdemeanor indictments handed up by the grand jury that presented the indictments under consideration. These misdemeanor indictments charge as one of the specifications that the defendants herein, together with other individuals named, as directors of the State Bank of Binghamton, participated in the fraudulent insolvency of said bank by negligently failing to discover and prevent the inclusion of forged notes as a part of the bank assets.

The felony indictments charge " that the examining committee of the Board of Directors of said moneyed corporation did not fully examine the books, papers, affairs, the loans or discounts of said moneyed corporation."

This court does not desire at this time to indicate an opinion as to whether or not a felony indictment under section 304 of the Penal Law must be founded upon guilty knowledge or can be sustained by evidence of negligence only. This question may become important in these indictments if the grand jury minutes do not disclose evidence of knowledge. If the grand jury minutes disclose knowledge, the question is academic.

Certain language of the misdemeanor indictments and certain language of the felony indictments may be said to support the affidavits on this motion in the contention that there was no evidence of guilty knowledge before the grand jury.

It would seem that there is a sufficient question raised to warrant an inspection of the evidence supporting the felony indictments.

Such examination is hereby ordered, to be confined to the witnesses William E. Flook, Robert E. Pratt, Albert S. Osborn, Floyd Mottram, Leo R. Donahue and John P. Macey.