Desmond, J. (dissenting).
No person may be held to answer for a felony unless on an indictment of a Grand Jury (N. Y. Const., art. I, § 6) and no indictment may be found except on evidence which would ‘ ‘ if unexplained or uncontradicted, warrant a conviction by the trial jury ” (Code Crim. Pro., § 251). To “ protect the citizen in his constitutional prerogatives ” our courts “ have # * * always asserted and exercised the power to set aside indictments whenever it has been made to appear that they have been found without evidence, or upon illegal and incompetent testimony” (People v. Glen, 173 N. Y. 395, 400). Accordingly, an indictment “ can be set aside at any time when it appears that the evidence before the grand jury was insufficient on which to sustain it ” (People v. Sweeney, 213 N. Y. 37, 45). The courts, to make effective that “ inherent right and duty ” of theirs, long ago devised a practice by which a defendant, on affidavits alleging insufficiency of evidence, might move for inspection of the Grand Jury minutes. In this present case such a motion was made before trial and denied. We are agreed that this order denying an inspection is not appealable to this court (Eighmy v. People, 79 N. Y. 546, 560; People v. Sweeney, supra). However, this defendant at the trial moved on the same ground for a dismissal of the indictment and the denial of that motion is before us for review (People v. Sexton, 187 N. Y. 495, 511; People v. Glen, supra). Our question, then, is not whether the pretrial motion for inspection should have been granted but whether defendant’s motion at the trial for dismissal of the indictment was improperly denied.
At the trial one Sanders gave the most damaging testimony when he swore to admissions made by defendant. All the other proof was circumstantial and clearly insufficient (without that of Sanders) for conviction. Cross-examination of Sanders made it clear that he had not testified before the Grand Jury. It was reasonably clear, if not certain, that the Grand Jury could not have had before it any stronger case than the trial *679 testimony, less Sanders. Without analyzing in detail that proof, we state our conclusion that it was weaker than that held insufficient for conviction in People v. Weiss (290 N, Y. 160) and did not meet our oft-repeated standards for circumstantial evidence (see People v. Harris, 306 N. Y. 345, 351, and cases cited). There is, of course, in this record, a showing of defendant’s flight and false statements after arrest but those do not make up for the fatal deficiencies in the circumstantial evidence (People v. Leyra, 1 N Y 2d 199, 209, 210, citing People v. May, 290 N. Y. 369, 372, 373).
The majority opinion in this court says that we are powerless to examine the Grand Jury minutes and that without such examination we cannot hold that the proof before the Grand Jury was insufficient. We think the trial record itself sufficiently shows the insufficiency. But if it does not so show we should not by our ruling deny to ourselves the use of the only other method of passing on the sufficiency of the Grand Jury proof. If, as we said in the People v. Glen case (173 N. Y. 395, 400, supra), the courts have the “ inherent right and duty ” to pass on this question, surely our court has as much right as General Sessions and the Appellate Division to read the Grand Jury minutes. We cannot in one breath announce the defendant’s right not to be indicted except on adequate proof and in the next breath announce our own refusal to look at that evidence to see if it was adequate.
The judgment should be reversed and the indictment dismissed.