Fuld, J. (dissenting).
I too .start with the indisputable premise that in this state an indictment must be based upon evidence which 1 ‘ would, if unexplained or uncontradicted, warrant a conviction by the trial jury” (Code Crim. Pro., § 251, formerly numbered § 258). Accordingly, when it appears that an indictment is founded on evidence which is insufficient to warrant a conviction, the courts must set it aside. (See People v. Nitzberg, 289 N. Y. 523, 526; People v. Sweeney, 213 N. Y. 37, 42; People v. Glen, 173 N. Y. 395, 400.) The fact that a district attorney happened to procure the requisite additional evidence after the grand jury voted the charge, does not impart validity to an otherwise invalid indictment. As this court declared in the Nitzberg case (supra, 289 N. Y. 523, 530-531), “ An accusation by a grand jury made upon evidence.which is declared by *680 statute to be insufficient gains no additional force because the District Attorney, after the accusation was made by the grand jury, has obtained other evidence which, if presented to the grand jury, might be sufficient to justify an accusation by the grand jury if, in its judgment, that evidence would warrant a conviction by the trial jury * * *. The safeguards against unfounded accusation and unjust conviction provided for an accused by the Constitution and statutes may not be weakened by judicial decision to meet the supposed exigencies of a particular case.”
Whatever the burden imposed on a defendant to establish, from sources dehors the grand jury minutes, the lack of sufficient proof to spell out a crime, it was here established. Indeed, as Botbbst, J., wrote in his concurring opinion below, “ To demand any clearer showing would virtually require the defendant, from extrinsic sources and without access to the minutes, not only to present a reconstruction of the evidence before the G-rand Jury, but to secure a certification of its faithfulness from the district attorney. Except in a bizarre situation, such as was presented in People v. Nitzberg (289 N. Y. 523) this is manifestly impossible.”
There is, however, no need in this case to decide or define the burden which rests upon defendants generally to demonstrate the insufficiency of the grand jury testimony. Here, the minutes of the grand jury were actually submitted to the county court judge (in connection with a pretrial motion to dismiss the indictment) and he examined them to pass upon the adequacy or inadequacy of the evidence before the grand jury. That being so, this court should likewise be privileged to examine the minutes and to determine for itself the sufficiency of the proof.
Accordingly, I have read the grand jury record and am persuaded that the evidence before that body fell short of the quantum and standard of proof demanded by the cases. No purpose is to be served by any lengthy analysis; it is sufficient simply to say that, while the evidence may justify an inference that the defendant had accompanied Ryan (the person who actually shot and killed the victim Lewis) to the neighborhood where the slaying occurred and that he was waiting for him nearby, entirely absent is any proof, direct or circumstantial, that the defendant knew or had reason to know that Ryan was armed or that he was going to shoot Lewis or that he was acting in concert with Ryan to commit the crime of murder or, *681 for that matter, any crime. (See, e.g., People v. Weiss, 290 N. Y. 160, 170; People v. Ligouri, 284 N. Y. 309, 318.)
I agree with Judge Desmond that the judgment of conviction should be reversed and the indictment dismissed.
Chief Judge Conway and Judges Dye, Froessel and Burke concur with Judge Van Voorhis; Judge Desmond dissents in an opinion in which Judge Fuld concurs in a separate opinion.
Judgment affirmed.