Charles A. Loreto, J.
This is a habeas corpus proceeding in which relator contends that the sentence imposed upon him as a probation violator in July of this year pursuant to *950 article 7-A of the Correction Law lacks validity in that he was an adjudged incompetent at the time of sentencing. He was so adjudged by an order of this court dated March 27, 1953, while a patient at a State hospital. That order is still outstanding.
It is provided in the afore-mentioned statute that article 7-A is inapplicable to a person who is “ [ijnsane, or mentally or physically incapable of * * * being committed to a correctional and reformatory institution ” (Correction Law, § 203, subd. e, par. 3). A previous application by way of writ of error coram nobis on the ground that the sentencing court made a finding that relator was beyond reformation, and, therefore, incapable of being sentenced under article 7-A, was denied by the sentencing court (County Court, County of Bronx, McCaffrey, J., N. Y. L. J., Nov. 9, 1959, p. 16, col. 4).
It is apparent that what relator seeks reviewed here is not the inconsistency of a finding of the sentencing court with the prohibitory language of article 7-A (cf. People ex rel. Kern v. Silberglitt, 4 N Y 2d 59), but the power of the court to impose any sentence upon him so long as his incompetency continues.
It has long been established that an incompetent person may be tried for the commission of a crime if he is capable of under-, standing the charge against him or of making a defense (People ex rel. Peabody v. Chanler, 133 App. Div. 159, affd. 196 N. Y. 525). In that case the opinion of the Appellate Division states at page 162: “ It cannot be said that the trial of a defendant intends that he is sane for the reason that an insane man may be tried if he is competent to understand the proceeding and to make his defense. (Penal Code, § 20; Freeman v. People, 4 Den. 9.) The law makes a distinction between the mental irresponsibility which precludes trial for a crime and that which excuses from liability for a crime. An act done by a person who is an idiot, imbecile, lunatic or insane is not a crime, but one is not excused from criminal liability as an idiot, imbecile, lunatic or insane person or of unsound mind, except at the time of the commission of the alleged criminal act he was laboring under such defect of reason as either not to know the nature and quality of the act he was doing or not to know that the act was wrong. But the prohibition against trial, sentence to punishment or punishment is that one cannot be tried or sentenced or punished while in a state of idiocy, imbecility, lunacy or insanity so as to be incapable of understanding the proceeding or making his defense. (Penal Code, §§ 20, 21.) ”
What was said in People v. Smyth (3 N Y 2d 184, 187) is apropos: “ there is a presumption of regularity of criminal *951 proceedings (People v. Salerno, 3 N Y 2d 1751 Peoples. Sweeney, 213 N. Y. 37). After a defendant has been convicted on plea of guilty or after trial, the People are not required to assume the burden again of establishing that what was done was regular in the absence of evidence to the contrary. This respondent is not entitled to a hearing in the absence of some evidence that he was insane when he pleaded guilty and sentence was pronounced. He might not be barred by not having raised ¡the ¡issue at the time of his arraignment, if he could show that he was then mentally incapable of understanding the charge and of conducting his defense (People v. Bohem, supra). He must demonstrate that such was the case.”
Thus, incompetency in and of itself is insufficient to suspend imposition of a criminal judgment whether common-law (44 C. J. S., Insane Persons, § 127) or statutory principles (Code Crim. Pro., J 481 j Correction Haw, § 203, snbd. e, par. 3) be applied.
Since the invalidity of the sentence is, therefore, not conclusively established, relator’s remedy, if he contends that the sentence imposed was impermissible because of his mental condition, must be by writ of error coram nobis (People v. Bochm, 309 N. Y. 362) or by appeal (People ex rel. Kern v. Silberglitt, supra), and not by habeas corpus. The fact that coram nobis was once attempted does not preclude another application on other grounds (People v. Boehm, supra). Accordingly, the petition is dismissed.