■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LESTER GALE, Respondent. — REYNOLDS, J. Appeal from an order of the County Court, Franklin County, dismissing an indictment charging respondent with the crime of abortion (Penal Law, § 80). We concur with the finding of the court below that despite sufficient legal evidence to support the indictment, the presence of "Certain hearsay evidence of a prejudicial nature" required a dismissal of the indictment and a resubmission to the Grand Jury and that in this case receipt of the hearsay evidence was prejudicial to the defendant. Order affirmed, without costs. Taylor, Aulisi and Hamm, JJ., concur; Herlihy, J. P., dissents, and votes to reverse in the following memorandum: The motion before the County Court was for permission to inspect the Grand Jury minutes. The Judge, after examining the minutes, found that "The evidence presented justified the Grand Jury in indicting the defendant on all three counts" but then dismissed the indictment because "hearsay evidence of a prejudicial nature was presented to the Grand Jury". The claim of prejudice is premised on hearsay testimony as noted in the decision of the County Court, to wit: "That much of this last-mentioned evidence [prejudicial] would be proper if presented through a witness having first-hand knowledge of the facts." There is, however, no indication that this "prejudicial" evidence influenced the Grand Jury. (See People v. Glen, 173 N. Y. 395, 403.) The majority in this court likewise find that there is sufficient legal evidence to support the indictment. To my way of thinking, the indictment should not have been dismissed. If the motion to inspect the Grand Jury minutes had been granted, the subsequent motion to dismiss the indictment on the grounds of insufficiency would necessarily have to be denied, there being no dispute that the evidence was sufficient and, therefore, it was a *non sequitur* to dismiss and direct resubmission. There being sufficient legal evidence to sustain the indictment, the introduction of other incompetent evidence does not justify setting aside the indictment particularly where, as here, there is no claim that such evidence influenced the action of the Grand Jury. (See People v. Leary, 305 N. Y. 793, 796; People v. Howell, 3 A D 2d 153, 161, affd. 3 N Y 2d 672; People v. Daniels, 2 A D 2d 882.) The order should be reversed and the indictment reinstated.