(59 Misc. Rep. 339.)

### PEOPLE v. PHIFER.

(Court of General Sessions, New York County. May, 1908.)

1. INDICTMENT AND INFORMATION—MOTION TO VACATE—TIME—GROUNDS.

Code Cr. Proc. § 315, requiring a motion to vacate an indictment to be heard at the time of the arraignment only refers to a motion to vacate under section 313, because the indictment was not found by 12 grand jurors, properly indorsed by the foreman and duly presented to the court, or when unauthorized persons were present before the grand jury, and does not apply to a motion based on an alleged violation of defendant's constitutional rights on grounds other than those mentioned in such section.

2. SAME.

A motion to set aside an indictment as founded on incompetent, illegal, and insufficient evidence is not within Code Cr. Proc. § 313, authorizing the vacation of an indictment on motion when not found indorsed and presented as prescribed in other sections mentioned, and when a person has been permitted to be present during the session of the grand jury while the charge embraced in the indictment was under consideration.

Edward Phifer was indicted for violating Pen. Code, § 113, prohibiting the bribery or attempted bribery of a witness. On defendant's motion for leave to inspect the minutes of the grand jury. Granted.

Samuel J. Seelig, for the motion.
John Palmieri, Deputy Atty. Gen., for the People.

CRAIN, J. This is a motion made by the defendant for leave to inspect the minutes of the grand jury containing testimony upon which the indictment against him was found. The defendant is charged with the violation of section 113 of the Penal Code.

The moving papers allege that there was no preliminary examination. This is not disputed. The moving papers say that one purpose of the motion is to enable the defendant to properly prepare for trial. This suggestion is met by the claim that it should not prevail because of certain things said in the opinion of the court in the case of People v. Steinhardt, 47 Misc. Rep. 252, 93 N. Y. Supp. 1026, respecting a similar suggestion made in that case. That was a Special Term decision of the Supreme Court, and, as was pointed out in the case of People v. Klaw, 53 Misc. Rep. 158, 104 N. Y. Supp. 482, as such it was not controlling upon this court and could not properly be followed, because, dealing with a mere question of practice and the considerations governing the exercise of a purely discretionary power, it was contrary to the decisions of this court. The moving papers say that another purpose of the motion is to afford the basis for a motion to set aside the indictment as not founded upon sufficient legal evidence, and as founded upon incompetent and illegal testimony. Upon the oral argument a preliminary objection was taken to the entertainment by the court of this motion so far as it was based upon the ground last mentioned. The point of the preliminary objection was that, in view of the provisions of sections 313 and 315 of the Code of Criminal Procedure, the motion was made too late. Counsel for defendant then requested leave to withdraw the defendant's plea of not guilty, if the court was of opinion that the preliminary objection was well taken. Thereupon, without passing upon the merits of the preliminary objection, the motion was argued upon the merits. What was taken as a preliminary objection is now urged in opposition to the motion, so far as it is made in aid of a motion to set aside the indictment as not founded upon sufficient legal evidence and as founded upon incompetent and illegal testimony.

It is now urged that it is too late to make a motion to set aside the indictment, the same not having been made at the time of the arraignment of the defendant, or not then for good cause adjourned by the court; and section 315 of the Code of Criminal Procedure is referred to. That section must be read in conjunction with sections 313 and 314 of that Code. So read, it will be seen to refer to the motion which may be made under section 313 and upon the grounds mentioned in that section. Section 315, in conjunction with section 314, are controlling regulations of procedure, specifying when a motion may be made under section 313, stating when it is too late to make such a motion, and declaring in substance that, when it becomes too late to make such a motion, the grounds upon which such a motion might have been made cannot otherwise be availed of. Section 314 relates likewise to section 313. These sections, with respect to the matters embraced in them, are indeed controlling regulations of procedure, as was said in the Glen Case. People v. Glen, 173 N. Y. 395, 66 N. E. 112. They are not, however, regulations of procedure governing motions to set aside indictments based upon alleged violations of a defendant's constitutional rights predicated upon grounds not mentioned in section 313. Respecting such motions the Code of Criminal Procedure contains no regulation. The motion in this case, so far as it is in aid of a motion to set aside the indictment as not found-

ed upon sufficient legal evidence, and as founded upon incompetent and illegal testimony, is in aid of such a motion upon constitutional grounds and not upon grounds embraced within and governed by section 313 of the Code of Criminal Procedure. In the Glen Case a similar motion was made and entertained, not merely after the defendant had demurred to the indictment, but after the issue of law raised by the demurrer had been tried by the court. And Abbott, in his Trial Brief, Criminal Causes, pp. 24, 25, says:

"A motion to quash or set aside an indictment upon a ground which would be fatal to a verdict may be made at any time; but, when made after plea, the court may properly require the plea to be withdrawn before entertaining the motion" [indicating that it is entirely a matter of discretion with the court as to whether or not such an order shall be made].

Abbott, indeed, adds:

"It is in the discretion of the court to grant such leave at any time, with leave to renew the plea if the motion should be denied."

As the objection to the entertainment of the motion by the court is not well founded, and as the moving papers bring the case within principles laid down in the Klaw Case and earlier decisions of this court, the motion should be granted.