In the Matter of the Application of the NEW YORK CENTRAL RAILROAD COMPANY, Petitioner, Respondent, for an Order to Show Cause Addressed to ARTHUR M. FERRIS and Others, Constituting the Board of Assessors of the City of Syracuse, New York, Requiring Them to Appear and Show Cause Why the Assessment of the Property of the Petitioner upon the Assessment Rolls of Said City of Syracuse for the Year 1936 Should Not Be Corrected, Vacated, Annulled and Set Aside by Said Board of Assessors, Appellants.

Fourth Department, June 28, 1938.

*James C. Tormey, Corporation Counsel* [*Arthur M. Beach, Assistant Corporation Counsel, of counsel*], for the appellants.

*Hiscock, Cowie, Bruce & Lee* [*Maurice F. Lane of counsel*], for the respondent.

TAYLOR, J. As the result of a proceeding instituted under section 2 of chapter 304█ of the Laws of 1923, which provides for the review of tax assessments in the city of Syracuse, petitioner has been granted a reduction in the assessments on its properties for the year 1936 from $1,151,100 to $36,175. The petition for review, in addition to general allegations of illegality, inequality and overvaluation, alleges " that said improvements were constructed and erected and said elevated structure was built under an order of the Public Service Commission upon the application of the City of Syracuse through its Syracuse Grade Crossing Commission; that for many years prior to said order of the Public Service Commission the New York Central Railroad Company has possessed a franchise to maintain and operate its railroad through the streets of the City of Syracuse, but for the purpose of eliminating grade crossings in said city, under said order, the railroad company was compelled to contribute toward the cost of the structures which were constructed for the benefit and safety of the public, and not to enable the railroad to operate its road."

Pursuant to stipulations between the parties, the petitioner abandoned its claims of inequality and overvaluation, and elected to rest its claim of illegality upon the above-quoted allegations. It was, and is, petitioner's theory that these allegations, if established, would support a determination that the assessed structures and improvements were not locally assessable to it as real property. The trial court determined that petitioner had established these allegations and made findings of fact in support thereof; the court also found, as facts, (1) that the board of assessors assessed upon the assessment rolls of the city of Syracuse, for the year 1936, certain structures and improvements as real property or an improvement thereto located within the city of Syracuse, (2) that the assessed structures and improvements were constructed as a railroad elevation project pursuant to the Syracuse Grade Crossing Elimination Act (Laws of 1928, chap. 825, and Laws of 1929, chap. 656, both amendatory of Laws of 1926, chap. 439), (3) that the

assessed structures and improvements consisted generally of an embankment, bridges over Onondaga creek and Harbor brook, abutments, piling, station platforms, permanent tracks and structures which were incidental to and a part of the elevation of the railroad, all of which were constructed upon lands and right-of-way in the possession of and owned in fee by petitioner or leased by it, with the obligation upon petitioner to pay taxes assessed thereon; that none of the assessed structures and improvements, or any part thereof, were within the limits of any public street or highway in the city of Syracuse, and (4) that the full value of the unfinished trackage, as assessed by the board of assessors and not contested by petitioner, is $36,175. The court concluded that the 1936 assessments on such structures and improvements are illegal and should be annulled and stricken from the assessment rolls, except the item of unfinished trackage valued at $36,175. The effect of such a ruling, if it were permitted to stand, would be to exempt from taxation that part of the elevation project which is the subject of this proceeding and which has been assessed at approximately one and one-half million dollars.

The assessed structures and improvements come within the statutory definition of real property. (Tax Law, § 2, subd. 6. See, also, *People ex rel. Hudson & Manhattan R. R. Co.* v. *Tax Comrs.,* 203 N. Y. 119, 129, 130; *People ex rel. New York & Harlem R. R. Co.* v. *Commissioners of Taxes of New York,* 101 id. 322; *People ex rel. New York Elevated R. R. Co.* v. *Tax Commissioners,* 82 id. 459.)

" All real property within this State is taxable unless exempt from taxation by law." (Tax Law, § 3.)

Neither the Syracuse Grade Crossing Elimination Act, pursuant to which the petitioner was required to remove its tracks at grade from the streets and elevate them, nor any other statute, expressly or by implication, exempt from taxation the structures and improvements which were made necessary by the elevation project. " ' The rule is that in claims for exemption from taxation under legislative authority, the exemption must be plainly and unmistakably granted; it cannot exist by implication only; a doubt is fatal to the claim.' " (*People ex rel. Metropolitan Street R. Co.* v. *New York,* 199 U. S. 1, 36, affg. 174 N. Y. 417. See, also, *City of Rochester* v. *U. F. S. Dist. No. 4 of Livonia,* 255 App. Div. 96.)

I am unable to find any merit in petitioner's contention that the assessment is illegal because the assessed structures and improvements were constructed for the benefit of the public and were not in furtherance of, or essential to, the carrying out of the corporate purposes of the railroad. It is true that the elimination

of grade crossings is a public undertaking for the benefit of the people and not for the benefit of the railroads.

" The people of this State, in order to preserve and enhance the safety of the traveling public, and to guard the life, limb and welfare of its citizens, have not only ordered and directed the railroads to eliminate grade crossings, but also, through the Constitution and the laws, agreed to share the expense. The whole matter is a public undertaking in behalf of the welfare of the people of this State." (*Transit Commission* v. *Long Island R. R. Co.*, 253 N. Y. 345, 349, 350.)

The fact that the public safety will be promoted by the elevation of petitioner's railroad is not a valid reason why petitioner should not pay taxes upon the improvements thereby made necessary. Petitioner's contention is not novel. In *People ex rel. New York & Harlem R. R. Co.* v. *Commissioners of Taxes of New York* (101 N. Y. 322, 326) a similar contention was advanced and rejected.

Petitioner cites the case of *People ex rel. N. Y., O. & W. R. Co.* v. *Tax Commissioners* (215 N. Y. 434) in support of its contention. In that case the structures which carried one street by subway under, and two streets by bridges over, tracks maintained by a railroad through a city street, were held to be part of the public streets and not any part of the railroad property, and as such, were not subject to an assessment for a special franchise tax as part of the tangible property of the railroad company. It is clear that the ruling in that case is not applicable to the facts in the case at bar where the assessed structures and improvements are entirely owned or leased by petitioner and no parts thereof are within the limits of any city street. The distinction is that, in the cited case, a tax was levied against the railroad on property which was owned by the city, while in this case, the tax is levied on property which is owned by the railroad.

The trial court has found that no part of this entire elevation project was in furtherance of, or essential to, the carrying out of petitioner's corporate purposes. The project was undertaken pursuant to an order of the Public Service Commission, the legality of which is not and cannot be questioned in this proceeding. Since the petitioner was lawfully required to remove and elevate its tracks, the improvements on its property which were thereby required were in furtherance of, and essential to, the carrying out of its corporate purposes.

Petitioner has failed to allege or prove any facts which tend to establish that the assessment complained of is, in any respect, illegal or invalid.

The final order⁻ should be reversed on the law and facts with costs, and the petition dismissed, with costs. Certain findings of fact and conclusions of law are disapproved and reversed.

All concur. Present — CROSBY, LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Final order reversed on the law and facts, with costs, and petition dismissed, with costs. Certain findings of fact and conclusions of law disapproved and reversed.