THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant, *v.* MARK GRAVES and Others, Together Constituting the State Tax Commission, Respondents, and CITY OF SYRACUSE, Intervenor, Respondent.

(Special Franchise Tax Assessments, City of Syracuse, for the Year 1936.)

Third Department, July 2, 1940.

*Clive C. Handy [C. Raymond Hulsart, Jr.,* of counsel; *Frederick L. Wheeler* and *Robert D. Brooks* with him on the brief], for the appellant.

*John J. Bennett, Jr., Attorney-General [Timothy F. Cohan,* Assistant *Attorney-General,* of counsel; *Henry Epstein, Solicitor General,* and *Jack Goodman, Assistant Attorney-General,* with him on the brief], for the respondent State Tax Commission.

*James C. Tormey, Corporation Counsel, City of Syracuse,* for the intervenor-respondent.

PER CURIAM. Appeal from an order of the Supreme Court, entered in the Albany county clerk's office on January 5, 1940, finally confirming special franchise assessments for the year 1936 for several occupations in streets in the city of Syracuse.

These special franchise assessments arise out of grade crossing eliminations in the city of Syracuse by which the tracks of the main line of the New York Central Railroad Company were removed from Washington street and relocated on the right-of-way of its lessor, the West Shore Railroad Company. The West Shore tracks were elevated above the former grade by construction of a solid embankment between streets to be crossed and the steel and concrete bridges over the streets.

The appellant urges that the structures within the streets are not tangible property of appellant within the meaning of sub-

division 6 of section 2 of the Tax Law and that these structures do not occupy a public place under grant from the State.

It is claimed that the inclusion of the value of the tangible property in the grade elimination structures as a part of the special franchises constitutes a denial of due process and equal protection. Such inclusion is in accordance with section 2 of the Tax Law. It is also claimed that the railroad may not be legally assessed for these elevated structures where it previously had ample facilities for the operation of its line of railroad and was compelled to make the present changes by order of a State agency solely for public benefit. This same contention was denied as to the portions of the project between the streets in *Matter of New York Central R. R. Co.* v. *Ferris* (255 App. Div. 112; affd., 280 N. Y. 658). Appellants also urge that because the bridge structures are not less than fourteen feet above the streets, they do not occupy a zone of highway user and consequently are not assessable as portions of the special franchise.

The order should be confirmed, with fifty dollars costs and disbursements.

HILL, P. J., CRAPSER, BLISS, SCHENCK and FOSTER, JJ., concur.

Order confirmed, with fifty dollars costs and disbursements.