THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN V. FOSTER, Defendant.

Supreme Court, Steuben County, July 8, 1943.

*John V. Foster,* defendant in person.

*Albert Hollis, Acting District Attorney,* for plaintiff.

GILBERT, J. The peculiar facts of this case require a short narration of the sequence of events leading up to the present motion.

The defendant Foster was indicted November 11, 1930, in Steuben County for the crime of grand larceny, second degree; was arraigned and pleaded guilty in the Steuben County Court on November 24, 1930, and was sentenced to Auburn State Prison for a term of not less than one and one-half nor more than five years. Late in the year 1932, the defendant was released on parole but, thereafter, in April, 1933, the defendant was again indicted for the crime of burglary, third degree, was tried, found guilty and sentenced as a second felony offender to a term of ten years in Auburn State Prison. In December, 1941, the defendant was again released on parole but was declared delinquent and returned to Auburn Prison in November, 1942, and is now serving the balance of the combined terms owed at the time of his last parole.

In the intervening years, the defendant has made several moves in the Supreme Court and in the Steuben County Court seeking to have set aside or corrected the judgment of convic-

tion against him on the grand larceny, second degree, indictment in 1930. In 1937, Mr. Justice WHEELER denied an application for a mandamus order to correct the record of the said conviction to show that the crime committed was petit larceny instead of grand larceny, second degree. In 1939, Judge BROWN, of the Steuben County Court, denied an application which sought to vacate the said record of conviction or correct the same in order that the defendant should be considered a first offender at the time of his conviction in 1933 on the burglary indictment. In addition to these two instances, the court understands that a habeas corpus proceeding was had in Cayuga County in which the defendant sought an order of the court returning him to Steuben County for sentence as a first offender.

The decisions written by Justice WHEELER and Judge BROWN very strongly indicate their feelings that the defendant had many equities in his favor but that no remedy was available to him in the proceedings before them, excepting executive clemency.

The defendant has now moved to dismiss the indictment of 1930 on the ground that it was procured on insufficient, illegal and false or perjured testimony. The motion was made to the Steuben County Court but the County Judge disqualified himself and ordered the motion transferred to a Steuben Trial and Special Term, held by the undersigned, at Bath, N. Y., opening June 7, 1943.

The principal points raised by defendant are that the value of the chattels which were the subject of the alleged larceny was less than one hundred dollars, in fact, less than fifty dollars, and that the owner of the chattels, one Leo Ross, the complaining witness on the grand larceny indictment in 1930, has since testified in the proceeding before Justice WHEELER or Judge BROWN that the chattels were not worth fifty dollars and were later recovered from some person other than this defendant. The minutes of the hearings had in these proceedings before Justice WHEELER and Judge BROWN are not available for the reason that one court stenographer is in the armed forces and the other is now deceased. However, the written decisions in these former proceedings are of record and recite sufficient of the testimony taken so that this court may take judicial notice of the same, as all former orders and decisions are incorporated by reference in the defendant's moving papers. Sufficient facts appear from the testimony taken in these former proceedings, not only the testimony of the complaining witness but also statements and concessions made by the District Attorney, to

substantiate the allegations in the defendant's motion papers as to the value of the chattels alleged to have been stolen and that the crime for which defendant was indicted could not have constituted grand larceny in the second degree.

The question now presents itself whether or not the defendant can at this time move to dismiss an indictment to which he pleaded guilty in 1930. According to the prison records the defendant has already served eleven years, ten months and twenty-eight days on both sentences and is now serving the balance of three years, nine months and six days, owed on the combined terms at the time he was last returned to prison.

Section 313 of the Code of Criminal Procedure specifies the two grounds upon which an indictment must be dismissed. The wording of this section would indicate that no other grounds could be considered. However, in *People v. Glen* (173 N. Y. 395), this section was held not to be a bar to a motion made on constitutional grounds. Judge WERNER, writing the opinion in *People v. Glen* (p. 399), says: " That the legislature has the undoubted right to regulate mere matters of procedure in all actions and proceedings, both criminal and civil, is too well established to require either discussion or citation. But it is equally clear that no legislative enactment can be permitted to deprive the citizen of any of his constitutional rights."

And further, on page 400 of the reported opinion: " But our courts have also always asserted and exercised the power to set aside indictments whenever it has been made to appear that they have been found without evidence, or upon illegal and incompetent testimony. [Citing cases.] This power is based upon the inherent right and duty of the courts to protect the citizen in his constitutional prerogatives and to prevent oppression or persecution. It is a power which the legislature can neither curtail nor abolish, and, to the extent that legislative enactments are designed to effect either of these ends, they are unconstitutional."

Larceny is a crime defined by section 1290 of article 122 of the Penal Law. There are three degrees of larceny: grand larceny in the first degree (§ 1294); grand larceny in the second degree (§ 1296); and petit larceny (§ 1298). Petit larceny is a misdemeanor (§ 1299). The other degrees of larceny constitute felonies.

In view of the fact that the defendant was convicted of a felony — burglary, third degree — in 1933, the character of the crime committed by the defendant in 1930, whether a felony or a misdemeanor, became of vital importance to the defendant.

If in law and fact the larceny in 1930 was petit larceny, may the plea of guilty to grand larceny, second degree, be held to have enlarged or increased the gravity of the offense so as to constitute it a felony? Such reasoning would seem absurd. For reasons not pertinent to this motion but clearly apparent from the moving papers in the previous applications, and hinted in the decision of Justice WHEELER, the defendant pleaded guilty to an indictment charging an offense which he did not commit and which was based on testimony since repudiated.

Under such circumstances are the hands of this court tied so far as granting relief is concerned? The matter is not *res judicata* as urged by the Assistant District Attorney on this motion. The relief sought by the defendant on his previous applications to the court is not the relief now asked. In those proceedings the defendant was attacking the judgment and relief was denied by the court for lack of power to act. Here the defendant is attacking the indictment upon which the judgment was based and upon constitutional grounds. Certainly false or perjured testimony is " illegal " testimony and results in no evidence at all. There must certainly be some relief available to the defendant who is serving a sentence in State prison by reason of a judgment of conviction of a crime which was never committed. As stated by Judge CRANE in *People ex rel. Sloane* v. *Lawes* (255 N. Y. 112, 118): " Surely, the law has not become so entangled in its own machinery that it is helpless and unable to extricate itself."

It is no answer to state that the defendant himself plead guilty to the charge. A plea of guilty may not be substituted for the crime itself. Without the crime first, a plea of guilty thereof is a nullity.

While this court does not have before it the minutes of the testimony given before the Grand Jury which indicted the defendant, the same not being now available, nevertheless, as stated hereinbefore, the testimony given by the complaining witness, Ross, and the then Acting District Attorney in the proceedings before Justice WHEELER and Judge BROWN, and which is quoted or referred to in the written decisions filed as part of the records in this case, clearly demonstrates that there was no sufficient or legal evidence to support the indictment found, in that the testimony as to value of the chattels concerned was false, that the real or true value was less than one hundred dollars and that the crime committed, if any, was petit larceny, a misdemeanor, and not grand larceny in the second degree, a felony.

The present proceeding is not an application for a new trial based on the ground of newly discovered evidence. There was no trial in the first instance. The judgment of the Steuben County Court in 1930 was based upon the defendant's plea of guilty to the crime charged in the indictment. The indictment was found upon illegal, false and insufficient evidence as determined by this court upon this motion. The plea cannot be substituted for the crime; if the indictment was bad the plea does not reform it and would support no valid judgment based upon it.

This court has been unable to find the reported decision of a similar motion made long after the conviction on an indictment and execution of the judgment of the court. However, the question raised is not abstract so far as this defendant is concerned. By reason of his later conviction of a felony in 1933, the defendant is still serving, as a second offender, a term in State prison. The recent decision of our Court of Appeals in *Matter of Lyons* v. *Goldstein* (290 N. Y. 19) deals with a situation analagous in several respects. In that case it was held that a court has inherent power to set aside its judgment procured by fraud. The same reasoning and authority should sustain the power in this court to dismiss an indictment procurred through false testimony and upon which the judgment of the court was based, and to vacate the judgment.

The motion of the defendant to dismiss the indictment found by the Grand Jury of the County of Steuben on November 11, 1930, charging the defendant with the crime of grand larceny in the second degree is granted, and the judgment of the Steuben County Court based upon the defendant's plea is vacated. In view of the fact that the defendant has served the maximum term which could have been imposed upon him for his conviction of burglary, third degree, in 1933, and had theretofore served more than the maximum term which could have been imposed upon him for a conviction of petit larceny in 1930, the defendant should be discharged from custody.

Ordered accordingly.