In the Matter of THOMAS CRADOCK HUGHES, as Acting District Attorney of Kings County, Petitioner, against COURT OF SPECIAL SESSIONS OF THE CITY OF NEW YORK, BOROUGH OF BROOKLYN, et al., Respondents.

Supreme Court, Special Term, Kings County, March 1, 1944.

*Thomas Cradock Hughes, Acting District Attorney,* in person (*Fred J. Loughran* of counsel), for petitioner.

*Harry Gittleson* and *Hyman Barshay* for respondents.

STODDART, J. Application is made, pursuant to article 78 of the Civil Practice Act, for an order prohibiting the Court of Special Sessions from signing an order permitting the withdrawal of a plea of guilty to a violation of subdivision 5 of section 70 of the Vehicle and Traffic Law, remitting the fine imposed and reinstating the operator's license.

The facts are undisputed. The operator of the car was arrested on November 5, 1943, and was charged with operating his automobile along a public highway while he was in an intoxicated condition. The following day he was arraigned and consented to be tried and was thereafter tried by a court of special sessions. After being advised fully by the court with respect to his rights, he pleaded guilty. The court then imposed sentence of a fine of $100, which the defendant paid, and revoked his motor-vehicle operator's license.

On November 22, 1943, a motion was made on his behalf before the same court, for permission to withdraw his plea of guilty and to set aside the judgment of the court. That motion was granted.

This court believes that the Court of Special Sessions was without jurisdiction to grant such relief. In the *Matter of Dodd* v. *Martin* (248 N. Y. 394) it was held that after judgment on a plea of guilty the court was without power to permit the defendant to change his plea. Although the Court of Appeals, in a recent decision (*Matter of Lyons* v. *Goldstein*, 290 N. Y. 19), held that " It [section 337 of the Code of Criminal Procedure] does not purport to exclude jurisdiction of a competent tribunal to correct mistakes in its own judgments, or to investigate and, in a proper case and upon a proper showing, to set them aside at any time if they are based upon trickery, deceit, coercion or fraud and misrepresentation ", there is no contention in the instant case of any trickery, fraud and misrepresentation practiced upon the defendant. He urged before the Court of Special Sessions, on his application to withdraw his plea, that he did not fully understand the nature of the proceedings and the consequences thereof, although he did admit that he was fully apprised of his rights. The reasons advanced for a withdrawal of the plea in the instant case certainly do not fall within the rule enunciated in the *Lyons* v. *Goldstein* case (*supra*).

Accordingly, the application is granted to the extent that the Court of Special Sessions will be prohibited from signing the aforementioned order. Settle order on notice.