THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM WURZLER, Defendant.

Supreme Court, Special Term, Broome County, February 27, 1945.

*Alec Rosefsky* and *William Wurzler,* in person, for William Wurzler, defendant.

*Robert C. Brink, District Attorney,* for plaintiff.

DEYO, J.   On March 13, 1939, the defendant was indicted for the crimes of robbery and grand larceny both in the first degree. The defendant entered a plea of not guilty to both counts of the indictment.   On April 20, 1939, the defendant and his attorney, Alec Rosefsky, Esq., appeared before Honorable THOMAS A. MacCLARY, Broome County Judge, withdrew the plea of not

guilty and entered a plea of guilty to the crime of grand larceny, first degree. On an information being filed by the District Attorney charging the defendant with being a second felony offender, he was thereupon sentenced to a term of not less than ten or more than twenty years. The minimum sentence plus the time which he owed on his earlier conviction of seven and one-half to fifteen years, makes November 4, 1955, the first possible date for the defendant's release.

On or about October 15, 1943, the defendant moved before Honorable DANIEL J. McAvoy, Broome County Judge, to vacate the judgment of conviction and to dismiss the indictment on the grounds first, that it was obtained through fraud, and second, that the evidence was insufficient to warrant either an indictment or a conviction for larceny in the first degree. By order dated May 12, 1944, Judge McAvoy disqualified himself to act and transferred the matter to Honorable MARTIN W. DEYO, Justice of the Supreme Court for hearing and disposition. Briefs and affidavits were submitted and thereafter a hearing was had on September 5 and 7, 1944, at which time the defendant was personally present and was also represented by Alec Rosefsky, Esq., assigned by the court.

The defendant contends that he was induced to confess the crime by promises made by Inspector Maynard of the New York State Police to the effect that if he would give them the details of the occurrence he, Maynard, would see to it that the defendant would not receive an additional jail sentence, but would be returned as a parole violator only. Although other witnesses were present when this promise was allegedly made, none of them corroborate the defendant's contention as to what took place. All that the defendant has to substantiate his claim is an unsworn statement by one of the parole officers and some rather general statements allegedly made to third persons relative to promises of consideration having been given. As against this, all of the others who were there, Inspector Maynard, Lieutenant Murphy, former State Troopers Hastings and Allen, Parole Officer Herrick and two of the complaining witnesses, Mrs. Barbara Steger and Anna Goobeck, either flatly deny any such promise, or state that they did not hear it made. On this showing the evidence falls short of convincing me that the promise alleged was given.

Even if Maynard did make such a promise, the defendant has failed to successfully connect it up with the District Attorney's office. All that the defendant has to support him on this score is his own testimony to the effect that Mr. Normile, the Assistant

District Attorney, when he came to the jail barracks the next day to take a statement, criticized Maynard for having made such a promise, but assured the defendant that the District Attorney's office would stand behind it. Mr. Normile flatly and unequivocally denies that he ever made any such statement or that he had any knowledge of any promise of any kind, and if any were made, they were without authorization of his office. In this he is substantiated by the others who were present. The evidence is clearly insufficient to establish any acquiesence by the District Attorney's office in any promise which the arresting officers might have made. In the absence of this important link, promises on the part of the police are of doubtful importance. Police officers have no authority either real or apparent to condone crime and even confessions obtained by such methods are freely admissible in evidence unless the District Attorney stipulates otherwise. (Code Crim. Pro., § 395.)

I find upon all of the evidence, exhibits and affidavits submitted that the defendant has failed to establish that this indictment and subsequent conviction were obtained through fraud.

As to the second ground for relief, the defendant alleges that the crime he admittedly committed consisted of taking $26.20 in cash from the cash register, and three bottles of liquor worth $2 a bottle from the bar. In this he is to some degree corroborated by a letter from his victim. The crime was committed while armed, while accompanied by an accomplice and in the nighttime. The indictment charges him with stealing "*from the person* of Joseph Steger in the nighttime the sum of Thirty Dollars ($30.00)." The defendant's contention is that since he did not take the property *from the person* of Steger, there was no evidence to warrant an indictment of larceny, first degree, and that his plea of guilty thereto and subsequent sentence therefor cannot stand.

What evidence was submitted to the Grand Jury we do not know, since the minutes have not been made available. We must assume, however, that such evidence was legal and sufficient. (*People* v. *Sweeney,* 213 N. Y. 37, 44; *People* v. *Glen,* 173 N. Y. 395, 403.) But even if such evidence was not sufficient, and even if the defendant's version of what took place is correct, I am, nevertheless, of the opinion that the court may not grant the relief herein sought.

Criminal procedure is governed by the Criminal Code which " establishes the practice in all criminal cases and the authority for the orders and judgments of the courts." (*People ex rel. Hirschberg* v. *Orange Co. Ct.,* 271 N. Y. 151, 155.) Its purpose

is to prescribe rules " for every necessary step to be taken in. every criminal case, commencing with the formation of a grand jury, leading up to a trial, conviction, sentence or discharge of a defendant." (*People* v. *Bissert,* 71 App. Div. 118, 121, affd. 172 N. Y. 643.) There is no provision in the Code of Criminal Procedure authorizing what is attempted here, an attack upon the sufficiency of the evidence underlying the indictment long after sentence had been pronounced upon the defendant's plea of guilty. On the contrary, section 315 of the Code of Criminal Procedure provides: " The motion to set aside an indictment must be heard at the time of the arraignment, unless, for good cause the court postpone the hearing to another time." True, it has been held that this limitation applies only to a motion to dismiss on the grounds stated in section 313, and does not apply when the motion is based, as here, on an alleged violation of the defendant's constitutional rights. (*People* v. *Winner,* 80 Hun 130; *People* v. *Phifer,* 59 Misc. 339.) In neither of these cases, however, was there a plea of guilty, and in both, the motion was made before trial. *People* v. *Glen* (*supra*), although cited as authority for the same proposition, really involved the question of whether or not section 313 of the Code of Criminal Procedure excluded motions to dismiss on grounds other than those embodied in the section, and the timeliness of the motion was not discussed, although there too, it was made before any trial had been had.

I am of the opinion that the time limitation placed on a motion of this kind by section 315 of the Code applies regardless of the grounds upon which it is made, and even though such grounds are constitutional in nature. (See *People* v. *Fuller,* 156 Misc. 404, 414, 415.)

Even though it be held that the motion to dismiss the indictment is not barred by statute because it rests upon constitutional grounds, the right to make it is clearly something that may be waived or lost by laches. (*People ex rel. Prince* v. *Brophy,* 273 N. Y. 90.) A motion to dismiss an indictment based on insufficient evidence must be made before trial, or at least before conviction. (Housel and Walser on How to Defend a Criminal Case, § 132.) A court will not ordinarily quash an indictment after the defendant has been arraigned and pleaded guilty. (*The People* v. *Walters et al.,* 5 Parker Cr. Rep. 661.) Constitutional provisions for the benefit of an accused in criminal cases may be waived by a plea of guilty. (*People* v. *Gowasky,* 244 N. Y. 451, 463.) The identical question was raised and passed upon in the case *In Re Cataldo* (36 N. Y. S. 2d 783) in a proceed-

ing under article 78 of the Civil Practice Act to annul a judgment of conviction. In denying the application the court said at page 785: '' The action of the grand jury in presenting its indictment on alleged insufficient evidence is not open to review at this time.'' Similarly, in *People* v. *Wicklem* (183 Misc. 639) on a motion to vacate a judgment of conviction on a plea of guilty and to dismiss an indictment under which the defendant had been sentenced as a fourth offender, the defendant was denied the right to subsequently attack the prior convictions on the grounds that the amount of money actually stolen was less than $100, and hence could not have constituted larceny.

In *People* v. *Nitzberg* (289 N. Y. 523) the defendant had been convicted of murder and the judgment had been reversed for error in the charge. For the first time the defendant moved for a dismissal of the indictment on the grounds that the evidence before the grand jury was illegal and insufficient, which was denied. This was held error and a second judgment of conviction was reversed and the indictment dismissed. In the course of the opinion LEHMAN, Chief Judge, said at page 529: '' No person may be held or tried in this State upon a charge of felony unless that charge is made by the grand jury in an indictment based upon legal and sufficient evidence. Upon the uncontradicted proof that the evidence upon which the indictment in this case is based was insufficient as matter of law, the trial court would, it seems plain, have been bound to grant the motion if, *before the first trial,* the defendant had challenged the indictment by motion to dismiss.'' (Italics supplied.) The court, at pages 529 and 530 said: '' Though the Legislature may not curtail the right of an accused to challenge the sufficiency of a charge upon which an accused is *held for trial,* the courts of this State have refused to dismiss an indictment upon the motion of a defendant made when the accused is held under a judgment of conviction after a valid finding of guilt by a trial jury. The Legislature has provided that a motion based upon objections to an indictment which appear on the face of the indictment must be made before or at the time when the defendant is called for judgment. (Code Cr. Pro., §§ 323, 331, 467, 469.) Though a motion to dismiss the indictment on the ground that it is based upon insufficient evidence is not within the scope of these statutory provisions, literally construed, we have held that the court may properly deny such a motion made after judgment has been entered upon a verdict untainted by any reversible error at the trial.'' A plea of

guilty constitutes an admission of the allegations contained in the indictment. It establishes the guilt of the defendant just as uncontrovertibly as a verdict of a jury after a trial. (*People ex rel. Carr* v. *Martin*, 286 N. Y. 27, 32; *People* v. *Schaefer*, 179 Misc. 147, 149; *People ex rel. Burke* v. *Fox*, 150 App. Div. 114, 115.) This being so, it must naturally follow on the authority of the *Nitzberg* case (*supra*) that the motion to dismiss the indictment in the instant case must be denied as not timely made.

Another obstacle presents itself which is likewise a bar to the relief which the defendant now seeks. As has been pointed out, a plea of guilty has been interposed. This plea must first be withdrawn before a motion to dismiss can be entertained. (Abbott's Criminal Trial Brief, p. 65.) Section 337 of the Code of Criminal Procedure provides: " The court may in its discretion, at any time before judgment upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted." In the instant case, judgment has long since been pronounced, and consequently the plea of guilty may not now be withdrawn. (*Matter of Dodd* v. *Martin*, 248 N. Y. 394; *People* v. *Wright*, 263 App. Div. 1020; *People* v. *Vitale*, 211 App. Div. 814; *Matter of Hughes* v. *Court of Special Sessions*, 181 Misc. 846.) Since the plea may not now be withdrawn, it follows that the indictment may not be attacked.

This rule does not appear to have been relaxed except in the case of fraud (*Matter of Lyons* v. *Goldstein*, 290 N. Y. 19), which, as has been pointed out, is not present in the instant case.

No constitutional rights of this defendant have been violated. He has not been deprived of his liberty without due process of law. (U. S. Const., 14th Amendt., § 1.) He was indicted by a grand jury, was given the right to a jury trial, was informed of the nature and cause of the accusation and could have been confronted with the witnesses against him had he so desired. (U. S. Const., 6th Amendt.; N. Y. Const., art. I, § 6.) The defendant knew when he was indicted and arraigned what crime he was charged with. He knew it when he changed his plea to guilty, and thereby escaped standing trial on a much more serious charge. He knew it when sentence was pronounced and during his statutory time to appeal. During all this time he had every opportunity to assert and to preserve whatever rights he possessed, constitutional or otherwise. Rather, he sat placidly by and now, having taken advantage of the lesser plea, he seeks to have his conviction set aside, not on the grounds that he committed no crime, but on the grounds that the property

which he and his accomplice admittedly stole at the point of a gun was taken from the cash register rather than from the pocket of his victim.

So far as I have been able to ascertain, there is but one other reported decision squarely on this question, *People* v. *Foster* (182 Misc. 73). In that case the defendant was indicted, pleaded guilty and was sentenced for grand larceny, second degree. While on parole he committed and was found guilty of the crime of burglary, third degree and was sentenced as a second offender. After he had served almost twelve years of the combined terms he moved to dismiss the first indictment on the ground that the chattels alleged to have been stolen were of a value of less than $100, and hence, the crime could not have constituted grand larceny in the second degree. The court entertained the motion and granted the relief sought. There are three important grounds of distinction between this case and the one at bar. There the defendant was indicted for and pleaded guilty to a crime of greater magnitude than the one which he actually committed, thereby increasing the gravity of his offense from a misdemeanor to a felony. This is a great deal different from pleading to a crime of lesser magnitude and thereby reducing the possible sentence by two thirds. In the *Foster* case (*supra*) the District Attorney conceded that the evidence was insufficient to warrant the indictment. Here, no such concession is made, and the presumption afforded all indictments must be considered. In that case there were many equities in the defendant's favor. Here, it appears to me that the defendant has had the best of the bargain. In my opinion, the cases are distinguishable on these grounds, but if not, and if the decision in the *Foster* case (*supra*) enunciates a principle that the evidence supporting an indictment is forever subject to attack, and that constitutional rights in criminal matters remain inviolate, regardless of circumstances, lapse of time and confessions of guilt, then I must respectfully dissent from the conclusions of my learned colleague.

The Constitution affords every man certain inalienable rights, but it likewise assumes that these rights will be seasonable and properly asserted. It does not permit him to seek and obtain the benefit that might accrue on a plea of guilty to a crime connected with and of lesser magnitude than the one which he actually committed and long after, when it suits his convenience and seems to his advantage, to challenge the judgment pronounced against him. The motion to vacate the judgment of conviction, and to dismiss the indictment is denied, and an order to that effect may be submitted.

At the time the evidence was received, decision was reserved on the admission of People's Exhibits Nos. 1 and 2. Neither of these exhibits seem material to the issues herein raised, and the defendant's objections are therefore sustained in each instance.