Hyman Barshay, J.
This is an application in the nature of a writ of error coram nobis to vacate and set aside a judgment of conviction dated May 10, 1948, convicting the defendant, on his plea of guilty, to the crime of attempted grand larceny in the second degree, before the Hon. Louis Goldstein who sentenced him on that day to the Elmira Eeformatory. At a hearing held thereon testimony was adduced that the subject of larceny, to wit, a taxicab alleged in the indictment to be of the value of more than $500, was in truth and in fact, worth less than $100. The defendant was represented by assigned counsel who made no investigation of the true worth of the taxicab as of the date it was stolen. This was a 1940 taxicab in daily use *907 from 1940 to 1948 and owned by the National Transportation Co., Inc. The last record sale of the cab was on May 20, 1948, to one J. Cndney who testified he purchased that cab from the National Transportation Co., Inc., for $75 in May of 1948, and after using it for four months, sold it to a junkyard for $25.
Nathan Friedman testified he is the sales manager for the Checker Motor Sales Corp. and has held that position for 36 years. The cab in question was manufactured by the Checker Cab Manufacturing Corp. His duties are to supervise sales of taxicabs. The sales price of this cab in 1940, when new, was $1,445. The average mileage of a cab in the City of New York is 70,000 miles a year. In his opinion the cab in question in May of 1948, was worth between $40 and $75. This opinion was based on his knowledge of the fleet of cabs operated by this company. While he did not see the cab itself, however, from his personal knowledge a cab eight years old in the normal course of business would have been driven about 500,000 miles.
There was submitted in evidence a letter signed by Aaron Gottlieb, treasurer of the National Transportation Co., Inc., that the records of the company for the year 1948 have long been destroyed. The vehicles operated by the company in 1948 were between six to eight years old and the book value of each was listed at $25 and in any event, they were worth less than $100.
A letter dated November 8, 1960, and signed by Herman Jacobs, the driver of the taxicab on the day it was stolen, states that the eight-year-old cab was in poor condition and worth less than $100. This opinion is based upon his experience as á taxi driver since 1925.
This letter assumes great importance since he was +he one who signed the complaint against the defendant herein wherein he stated that the stolen cab was worth about $1,000. Based upon the valuation set by Mr. Jacobs, the defendant was indicted for grand larceny in the first degree. His present acknowledgment that the stolen cab was worth less than $100 brings this case within the principle set forth in People v. Foster (182 Misc. 73).
‘1 Surely, the law has not become so entangled in its machine that it is helpless and unable to extricate itself ’ ’ (People ex rel. Sloan v. Lawes, 255 App. Div. 112, 118).
“ It is no answer to state that the defendant himself pleaded guilty to the charge. A plea of guilty may not be substituted for the crime itself. Without the crime first, a plea thereof is a nullity.” (People v. Foster, supra, p. 77.)
I find that the value of the taxicab on the day it was stolen was less than $100. Consequently, the crime committed by the *908 defendant in May of 1948 was a misdemeanor and not a felony. Motion to vacate and set aside the judgment of conviction dated May 10, 1948, is granted. I direct the return of the defendant from the institution where he is presently confined to appear before me for further proceedings on the indictment.