J. Irwin Shapiro, J.
This is a motion by the defendant John Trezza “ for an order vacating the judgment of conviction herein, setting aside the defendant john trezza’s plea of guilty, and dismissing the indictment herein, returned, upon the ground that the indictment as drawn was improper and illegal and violated the defendant, john trezza’s constitutional right, in that he was deprived of his right to plead to the crimes he actually committed, and further that the indictment in its entirety be dismissed as being void.”
*262 The defendant Trezza on April 13, 1961 plead guilty to the crime of attempted grand larceny in the first degree to cover all of the counts of the indictment. The indictment consisted of four counts, the first charging defendant Trezza with conspiracy as a felony; the second charged that the defendant Trezza committed the crime of robbery in the first degree; the third count charged him with committing the crime of grand larceny in the first degree by stealing United States currency in the sum of $600 from Stardust Lanes, Inc., and the fourth count charged the defendant Trezza with committing the crime of assault in the second degree by striking one John Fitzgerald, with the intent of committing a robbery.
The contention is now made that the proof before the Grand Jury must have been insufficient to warrant the finding of the indictment containing the counts above set forth. That contention is predicated upon an assumption by the defendant’s present lawyer about what is contained in the Grand Jury minutes. There is no justification for the assumptions in which he indulges nor have his contentions been of sufficient merit to impel the court to examine those minutes.
When the defendant Trezza’s then counsel sought to have the court accept Trezza’s plea of guilty to the crime of attempted grand larceny in the first degree, the following colloquy took place between the Court and the defendant:
“ the court : Now tell me this, did you, on or about December 29, 1960 or December 30, 1960, together with the other defendants, one of whom is standing next to you, steal from Stardust Lanes about $600 in checks and cash ?
“ DEFENDANT TREZZA: YeS, sir.
“ the court: No question about it?
“ DEFENDANT TREZZA: No, SÍT.
“ the court: You are guilty?
‘ ‘ DEFENDANT TREZZA : YeS, sir.
“ the court: You axe taking this plea voluntarily?
“ DEFENDANT TREZZA : YeS, sir.
‘ ‘ the court : Nobody is forcing you to take it?
“ DEFENDANT TREZZA: No, sir.”
The District Attorney in opposition to the motion contends that the court has no power to vacate the judgment of conviction in this case since the defendant has commenced to serve the sentence imposed upon him, (Penal Law, § 2188; Code Crim. Pro., § 470-a) and that an indictment may not be attacked for alleged insufficiency of the Grand Jury minutes after the entry of a judgment of conviction on an admission of guilt. (People v. *263 Wurzler, 184 Misc. 224, affd. 275 App. Div. 886, revd., on other grounds in 300 N. Y. 344; People v. Parker, 8 A D 2d 863; People v. Wright, 263 App. Div. 1020.)
The mere fact that a defendant has begun to serve the sentence imposed upon him would not under the existing state of the law preclude the court from vacating a judgment of conviction if there were fraud or misrepresentation in the manner in which it was obtained. (Matter of Lyons v. Goldstein, 290 N. Y. 19.)
The limiting phrase in section 2188 of the Penal Law and section 470-a of the Code Criminal Procedure which reads: ‘ ‘ Provided, however, that the imprisonment directed by the judgment, shall not be suspended or interrupted after such imprisonment shall have commenced ” obviously applies only where the judgment of conviction has been regularly obtained. The court always has inherent power to set aside a judgment procured from it by fraud or misrepresentation (Furman v. Furman, 153 N. Y. 309; Matter of Holden, 271 N. Y. 212), or which otherwise lacks constitutional validity (cf. People v. Petrea, 92 N. Y. 128; People v. Glen, 173 N. Y. 395, 400; People v. DuBois, 31 Misc 2d 157).
The trouble with the defendant’s contention in seeking to have the judgment of conviction entered upon his plea of guilty to attempted grand larceny in the first degree set aside and the indictment dismissed is that the indictment does not suffer from any of the infirmities which would warrant setting it aside. There is no claim that it was obtained by fraud or misrepresentation and in effect it is premised solely upon the contention of the defendant, through an affidavit of his counsel, that the Grand Jury minutes could not have established his guilt of any of the crimes set forth in the indictment and that therefore his plea to a derivative one of those crimes is invalid.
It is too late now to urge that contention in the light of the record in this case. There must be some finality to litigation, even in a criminal case, and where a defendant has in person, and in the presence of counsel, obtained the grace of the court in pleading to a lesser crime than those set forth in the indictment and has, in addition, affirmatively and in detail spelled out his guilt without any claim of any fraudulent inducement or other misrepresentation which brought about the plea or his record admissions, a judgment of conviction entered thereon should not be disturbed because, perchance, the defendant is not satisfied with the sentence imposed upon him.
The motion lacks any merit whatever and is in all respects denied.