■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAYMOND CARABELLO, Appellant, v. W. CECIL JOHNSTON, as Director of Dannemora State Hospital, Respondent.— This is an appeal from an order denying appellant's petition for a writ of habeas corpus on the ground that the matters contained therein had already been decided by the Appellate Division upon appeal. (14 A D 2d 778.) The petitioner seeks relief upon the theory that his confession, used against him on his original trial, was obtained from him by "physical and mental torture". However, it appears from the papers on appeal and petitioner's brief that he was on trial for murder in the first degree and during the trial pleaded guilty to manslaughter. Accordingly, the allegedly coerced confession has no bearing upon his conviction and the order of Special Term should be affirmed. Order unanimously affirmed. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH DARLING, Appellant.— This is an appeal from an order of the Broome County Court which denied defendant-appellant's petition for a writ of error coram nobis, without a hearing. The basis of the petition is appellant's insistence that he was not represented by counsel at the time of arraignment and plea of guilty to an indictment for grand larceny, second degree, in 1953. The defendant upon his petition raises questions as to the indictment to which he pleaded guilty. The indictment was undoubtedly insufficient procedurally and subject to being set aside under sections 269 and 313 of the Code of Criminal Procedure. However, sections 314 and 315 of the code provide that a motion to set aside for such reasons must be made at the arraignment or defendant is precluded from raising such objections. The particular defect here was the failure of the foreman of the Grand Jury to sign the indictment and the defendant is now precluded from raising such defect. The defendant also raises questions as to the sufficiency of the evidence before the Grand Jury and as to the treatment accorded him prior to indictment. Such issues are not open after a plea of guilty and sentencing. In People ex rel. Hirschberg v. Close (1 N Y 2d 258) the Court of Appeals at page 261 stated: " [T]he Grand Jury had power to investigate and indict regardless of what had occurred before the magistrate and regardless of whether the magistrate had held or discharged the prisoner or still had the matter pending, or of whether there had ever been such a preliminary hearing". It was stated in People v. Humbert (11 A D 2d 628): " [D]efendant cannot resort to coram nobis to review matters which occurred before the finding of the indictment." As to the sufficiency of the evidence, it is too late now for the defendant to question what went on before the Grand Jury. (See People v. Wurzler, 184 Misc. 224.) Furthermore, it appears that the defendant raised the same questions in a previous coram nobis proceeding and the court in People v. Darling (10 A D 2d 655) stated: "It may be noted, however, that defendant's * * * suggestions of irregularities in other respects, are refuted by official records." Order unanimously affirmed. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.