■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS H. MARTIN, Appellant.— Appeal from an order of the County Court, Westchester County, entered December 18, 1968, which denied, without a hearing, defendant's application for a writ of error *coram nobis*. Appeal held in abeyance, pending the hearing and further proceedings directed by this court in *People* v. *Martin* (32 A D 2d 927). Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS H. MARTIN, Appellant.— Appeal by defendant from two orders of the County Court, Westchester County, entered April 15, 1966 and February 2, 1968, respectively, the first denying defendant's application for a writ of error *coram nobis* and the second granting his application for renewal and reargument of the application (on new or additional facts) but adhering to the original determination. The appeal from the second order is limited, by appellant's brief, to so much of the order as adhered to the original determination. Appeal from the order of April 15, 1966 dismissed as academic, in view of the determination on the appeal from the order of February 2, 1968. Order of February 2, 1968 reversed insofar as appealed from, on the law and the facts; accordingly, the provision directing adherence to the original determination struck out; and proceeding remitted to the County Court, Westchester County, for a hearing and further proceedings in accordance herewith. Defendant and another, both Negroes, were indicted for murder in the first degree. Thereafter, defendant pleaded guilty to the reduced charge of murder in the second degree. The "Reduced Plea Certificate" required by section 342-a of the Code of Criminal Procedure included the following: "The deceased prior to his death made no

statement as to his attackers, other than to the effect that 'a couple of *white men* had beaten him up'" (emphasis in original). The certificate was filed about one week after the guilty plea was accepted on November 20, 1958; and defendant asserts that he did not become aware of its contents until several years thereafter . While the record indicates that there is little doubt as to defendant's guilt and that his assigned attorney may have known the matters stated in the certificate, we are of the opinion that, to avoid even the probability of unfairness (cf. *People* v. *McIntyre*, 31 A D 2d 964), there should be a hearing on the question of defendant's knowledge of the statement by the victim before he pleaded guilty and a determination made as to the effect, if any, in law of his lack of such knowledge, if that be the fact. We find no merit in defendant's claim that his constitutional rights were violated because a confession was obtained from him after his request for counsel had been denied (cf. *People* v. *Nicholson*, 11 N Y 2d 1067, cert. den. 371 U. S. 929; *People* v. *Rogers*, 15 N Y 2d 690; *People* v. *De Flumer*, 16 N Y 2d 20, mot. for rearg. den. 21 N Y 2d 1040; *People* v. *Dash*, 16 N Y 2d 493). We are also of the view that defendant may not now question the sufficiency of the evidence before the Grand Jury (cf. *People ex rel. Wysokowski* v. *Conboy*, 19 A D 2d 663, mot. for lv. to app. den. 13 N Y 2d 597; *People* v. *Pizza*, 51 N. Y. S. 2d 488, app. dsmd. 53 N. Y. S. 2d 469, cert. den. 326 U. S. 747; *People* v. *Wurzler*, 184 Misc. 224; *People* v. *Blumling*, 32 Misc 2d 261). We are further of the opinion that the failure of the trial court to question defendant as to the details of the crime to which he was pleading guilty was not error, since at the times of the plea and the sentence defendant made no attempt to withdraw his plea or offer information which might undermine the basis of the plea and it appeared from the record that defendant fully understood what he was doing (*People* v. *Nixon*, 21 N Y 2d 338, 350). The plea of guilty of murder in the second degree was properly accepted, even if it be assumed that a catechism of defendant would have disclosed an absence of a design to effect death, which was an essential element of the crime under section 1046 of the former Penal Law (cf. *People* v. *Griffin*, 7 N Y 2d 511, 516; *People* v. *Foster*, 19 N Y 2d 150; *People ex rel. Welch* v. *Wallack*, 27 A D 2d 873, affd. 21 N Y 2d 1015; *People* v. *Toliver*, 29 A D 2d 210, cert. den. 393 U. S. 892). Defendant's other contentions have been examined and we find nothing therein which requires a hearing. Christ, Acting P. J., Brennan, Rabin, Hopkins and Munder, JJ., concur.